# EXHIBIT A

LEXSEE 1992 U.S. DIST. LEXIS 15718

RODNEY B. SHIELDS, On Behalf of Himself and All Others Similarly Situated, Plaintiff (s), RICHARD J. CONTI, On Behalf of Himself and All Others Similarly Situated, Plaintiff-In-Intervention vs. IRVIN D. SMITH and APPLIED BIOSYSTEMS, INC., Defendant (s).

No. C-90-0349 FMS

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1992 U.S. Dist. LEXIS 15718; Fed. Sec. L. Rep. (CCH) P97,001

August 14, 1992, Decided
August 18, 1992, Filed; August 19, 1992, Entered

**DISPOSITION:** [*1] For the foregoing reasons, Conti's motion for class certification and for designation as representative of plaintiff class is hereby GRANTED and Defendants' motion for certification for interlocutory appeal is hereby DENIED.

**JUDGES:** SMITH

**OPINION BY:** FERN M. SMITH

**OPINION**

ORDER GRANTING PLAINTIFF-IN-INTERVENTION'S MOTION FOR CLASS CERTIFICATION AND DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Plaintiff-In-Intervention Richard J. Conti ("Conti") moves for an order pursuant to *Federal Rule of Civil Procedure 23* ("*Rule 23*") certifying a plaintiff class of all persons, other than defendants, who purchased the publicly traded securities of Applied Biosystems, Inc. ("ABI") from January 25, 1989 through January 26, 1990, inclusive. Plaintiff also seeks to have the Court designate him representative of the plaintiff class. Defendants oppose class certification on the grounds that Conti (1) is time-barred from suing as class representative and (2) that Conti's claims are not typical of the purported class.

For the reasons discussed below, Conti's motion for class certification and designation as class representative is GRANTED.

**PROCEDURAL BACKGROUND**

On May 29, 1991, this Court entered an [*2] Order granting in part and denying in part defendants' motion to dismiss the First Amended Complaint. Pursuant to said Order, the First Amended Complaint now alleges violations of Section 10(b) and 20 of the Securities and Exchange Act of 1934 ("SEA"), *15 U.S.C §§ 78j(b)*, 78t, and *Rule 10b-5* of the Securities Exchange Commission ("SEC"), *17 C.F.R. § 240.10b-5*, as to Defendants Irvin D. Smith and ABI ("Defendants").

Plaintiff Rodney S. Shields ("Shields") moved for class certification shortly thereafter. On November 5, 1991, this Court denied the motion based on evidence supporting a finding that Shields' motive in purchasing two shares of Applied Biosystems, Inc. ("ABI") stock was to "purchase a lawsuit," a serious defense likely to predominate the case to the detriment of the class. November 5, 1991 Order at 10 (amended June 16, 1992). Promptly upon learning of the Court's denial of Shields' motion to be certified as class representative, Shields moved for reconsideration and Conti intervened. Conti's Complaint-In-Intervention ("Complaint") incorporates the allegations of the First Amended Complaint and asserts claims on behalf of Conti and all others similarly situated.

Shields' [*3] motion for reconsideration was denied on June 16, 1992. Conti now moves for class certification and to have the Court designate him representative of the plaintiff class.

**STATEMENT OF FACTS**

ABI is a biotechnology firm based in California. Irvin D. Smith was ABI's president, COO and CEO during the relevant time period. According to the allegations in the Complaint, during January 25, 1989 and January

Case 3:07-cv-04296-MJJ    Document 32-2    Filed 11/27/2007    Page 3 of 6

Page 2

1992 U.S. Dist. LEXIS 15718, *; Fed. Sec. L. Rep. (CCH) P97,001

26, 1990 (the "Class Period"), Defendants issued a series of false, favorable public statements in press releases, advertisements, interviews, filings with the SEC, annual and quarterly reports, and opinions to shareholders. Defendants also allegedly issued false communications with analysts about ABI's finances, results from operations, future prospects, and the development, introduction and marketing of products. These favorable public statements and nondisclosures allegedly operated to artificially inflate the market price of ABI's common stock throughout the Class Period to the damage of the proposed class members who purchased ABI stock during the Class Period.

In a press release disseminated to the financial community on or about June 13, 1989, ABI stated that its expected [*4] results for its 1989 fourth quarter were "somewhat lower than the financial community's current expectation;" ABI expected, however, volume growth of nearly 20%, sales growth in excess of 15%, and up to 15% growth in earnings as compared to the fourth quarter of its previous fiscal year.[1]

> 1  Similarly, in a press release issued on or about September 7, 1989, ABI advised the investment community that it expected lower results for its 1990 First Quarter than originally anticipated; ABI assured the market, however, that this was the result of delays in its Japanese orders and that "governments around the world, as well as the private sector are increasing their funding for biotechnology research" so that the investment profits "will fuel [ABI's] growth."

ABI was very profitable during the first three quarters of the Class Period. During the fourth quarter, however, ABI reported unexpected low earnings--a 56% drop in profits. It reported a net income of $ 2.3 million ($ 0.16 per share), as compared to $ 5.1 million [*5] ($ 0.37 per share) for the fourth quarter for the previous year. The trading price of ABI stock dropped 40%, from $ 25.00 per share to $ 15.50 per share, following ABI's report; the stock price was $ 15.00 per share when the Class Period ended on January 26, 1990.

Although ABI had predicted a 25% volume growth in fiscal 1990, it actually sustained growth of 0.5% and a 68% decline in net income and earnings per share. During the period from May 1989 to October 15, 1990, ABI's common stock lost over 80% of its value, declining from approximately $ 38.00 per share to $ 6.75 per share.

## DISCUSSION

Before addressing the appropriateness of class certification under *Rule 23*, the Court must decide whether Conti, as Defendants contend, is time-barred from suing as class representative.

*I. Is Conti Time-Barred from Suing as a Class Representative?*

Pursuant to *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 111 S. Ct. 2773 (1991) (imposing one-year statute of limitation on claims brought under Section 10(b)) and the allegations of the Complaint, the applicable statute of limitation ran on January 25, 1991. Conti did not file his Complaint [*6] until 1992, two years after the alleged market fraud was alleged; absent tolling, the Complaint is time-barred under *Lampf.*[2]

> 2  New Section 27A of the Securities Exchange Act, *15 U.S.C. § 78aa-1,* does not appear to vary this analysis, even if the provision is constitutional. Section 27A only extends the limitation period for civil actions commenced prior to June 19, 1991. Conti did not file his Complaint until 1992.

Conti's claims are nonetheless tolled under *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345 (1983), which held that tolling the statute of limitation pending resolution of class certification is necessary in order to fulfill the policies of *Rule 23*. The Supreme Court reasoned that unless the statute is tolled, prospective plaintiffs and putative class members would be compelled to intervene or file individual suits within the limitation period [*7] to protect against the failure of the putative class representative to be certified. Such a multiplicity of suits would be contrary to the purposes of a *Rule 23* class action. *American Pipe,* 414 U.S. at 553-54; *Crown, Cork,* 462 U.S. at 350-51.

Defendants argue, however, that although Conti's individual claims are tolled under *American Pipe* and *Crown Cork,* he is time-barred from suing as class representative, citing *Robbin v. Fluor Corp.,* 835 F.2d 213 (9th Cir. 1987), *Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir. 1987), and *Salazar-Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334, 1351 (5th Cir. 1985), *cert. denied,* 475 U.S. 1035 (1986). Defendants read *Robbin, Korwek* and *Salazar-Calderon* too broadly. Each of those cases involved an attempt to file new suits in order to seek reconsideration of a prior denial of class certification, i.e., they involved abusive refilings. *See Robbin,* 835 F.2d at 213-17 (plaintiffs voluntarily dismissed case after [*8] court denied class certification, filed no case for two years and then refiled, seeking to relitigate the adverse class certification); *Korwek,* 827 F.2d at 879 (seeking to relitigate prior court finding that class action was "unmanageable"); *Salazar-Calderon,* 765 F.2d at 1350 (seeking to relitigate prior court denial

Case 3:07-cv-04296-MJJ   Document 32-2   Filed 11/27/2007   Page 4 of 6

Page 3

1992 U.S. Dist. LEXIS 15718, *; Fed. Sec. L. Rep. (CCH) P97,001

of certification because common questions of fact did not predominate).

In the instant case, Conti does not seek reconsideration of this Court's denial of class certification. The Court did not find that a class action was not an appropriate mechanism in resolving Shields' claims, but only found Shields an inadequate representative. *Cf. Korwek,* 827 F.2d at 879 (court had previously made a "definitive determination of the inappropriateness of class certification"). The Court still believes that if this suit goes forward, class action treatment would be the most efficient manner of resolution. *Robbin* and like cases are not controlling here. *See also Schur v. Friedman & Shaftan,* 123 F.R.D. 611, 613 (N.D. Cal. 1988) (rejecting mechanistic application [*9] of *Robbin* where plaintiff not attempting to relitigate an unsuccessful class certification motion).

The Court further finds that *American Pipe* and *Crown, Cork* compel permitting Conti to move to serve as class representative. "Flexibility, notice, and efficiency are the watchwords of these opinions." *Korwek,* 827 F.2d at 879. Defendants have been fully apprised of the class claims and cannot be said to have relied on this Court's refusal to certify Shields as class representative. Further, Conti "did not sit on his tights, but rather, entered the litigation promptly upon recognition that his rights would not be protected by the original plaintiff's suit." *Shields v. Washington Bancorporation,* No. C-90-1101-RCL, 1992 U.S. Dist. LEXIS 4177, at *3 (D.D.C. April 7, 1992).

Judicial economy will also be preserved if this action continues as a class action; denial of the motion as time-barred will trigger a slew of interventions or individual suits and create an incentive for plaintiffs to intervene at early stages of a future litigation to ensure that a case appropriate for class status will obtain certification. [*10] *Id.* Permitting Conti to proceed with this case, therefore, "does not vitiate the purposes underlying statutes of limitation" and yet furthers "the policies behind class actions." *Id.; see also United Airlines, Inc. v. McDonald,* 432 U.S. 385, 395-96 (1977) ("The critical inquiry . . . is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment."). Conti is not time-barred from suing as class representative.

II. *Does Conti Meet the Requirements of Rule 23?*

Conti bears the burden of showing compliance with Rule 23. Accordingly, Conti must establish the requirements of *Rule 23(a)*--numerosity, commonality, typicality and adequacy of representation--as well as those of *Rule 23(b)(3)*--predominance of common issues and superiority of a class action--in order to have a class certified. A court determining class certification must not consider the merits of the underlying action; a "court is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976); [*11] *Weinberger v. Jackson,* 102 F.R.D. 839, 843 (N.D. Cal. 1984). Ultimately, however, a trial court must be convinced, in its sound discretion, that the purported representative adequately satisfies the requirements of *Rule 23. See Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 479 (9th Cir. 1983).

A. *Rule 23(a)*

1. *Numerosity*

The proposed plaintiff class consists of purchasers of at least 13 million ABI shares. Although the exact number of class members if presently unknown, Conti estimates, and defendants do not dispute, that the class members number in the thousands. The class is therefore too numerous for joinder of all class members to be practicable. *Weinberger v. Thornton,* 114 F.R.D. 599, 602 (S.D. Cal. 1986). Conti has satisfied the numerosity requirement.

2. *Commonality*

A course of repeated misrepresentations will satisfy the commonality requirement. *Blackie,* 524 F.2d at 902 (class of defrauded purchasers satisfy commonality requirement despite slight differences in class members' positions). Conti alleges a series of common false [*12] and misleading statements over a one year period. This constitutes, and Defendants do not dispute, a "common course of conduct" indicating common questions of both law and fact. *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 914 (9th Cir. 1964). Conti has satisfied the commonality requirement.

3. *Typicality*

Typicality assures that the interests of the named representatives align with those of the class. This requires that "the claims and defenses of the class representatives not differ significantly from the claims or defenses of the class as a whole." *In re Computer Memories Sec. Litig.,* 111 F.R.D. 675, 680 (N.D. Cal. 1986). A plaintiff's claim is typical if it "'arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *Weinberger v. Thornton,* 114 F.R.D. at 603 (citation omitted); *accord Jordan v. County of Los Angeles,* 669 F.2d 1311, 1321 (9th Cir.), *vacated on other grounds,* 459 U.S. 819 (1982). Defendants argue [*13] that Conti cannot meet the typicality requirement because Conti (1) sold 400 shares of his stock during the class period and (2) purchased 400 shares of stock *after* ABI made disclosures of adverse anticipated results. According to defendants, Conti is therefore subject to

Case 3:07-cv-04296-MJJ    Document 32-2    Filed 11/27/2007    Page 5 of 6

Page 4
1992 U.S. Dist. LEXIS 15718, *; Fed. Sec. L. Rep. (CCH) P97,001

"unique defenses" which render him adverse to members of the class who did not benefit from selling in an inflated market and who purchased their stock before the company disclosed any adverse anticipated results.

At the outset, it must be noted that similarity of reliance on the part of the aggrieved investors is not required in order to establish typicality. *Blackie, 524 F.2d at 905-06*; *In re Diasonics Sec. Litig., 599 F. Supp. 447, 452 (N.D. Cal. 1984)*. Nor does typicality require uniformity of damages. *Blackie, 524 F.2d at 905*. Typicality goes to the general nature of the claim and "differences in the amount of damage, size or manner of [stock] purchase, the nature of the purchaser, and even the specific document influencing the purchase will not render a claim atypical in most securities cases." *Weinberger v. Jackson, 102 F.R.D. at 844* [*14] (citation omitted). The fact that Conti sold 400 of his 1300 shares of ABI stock at or near the stock's peak does not, in and of itself, affect his standing as a class representative. *In re AM Int'l, Inc. Sec. Litig., 108 F.R.D. 190, 196 (S.D.N.Y. 1985)*; *see also Blackie, 524 F.2d at 908-09* (possible creation of potential conflicts due to early sale does not afford a valid reason to refuse to certify class); *Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D. Cal. 1985)* (early seller's damages may be reduced but his standing to sue or his status as class representative is not affected by early sale). Investors commonly sell part of their holdings when the price is high.

Nor does Conti's purchase of 400 shares of ABI stock in November 2, 1989, after ABI disclosures, render him an unsuitable class representative. As this Court noted in its November 5, 1991 Order (amended June 16, 1992), the test for typicality in the Ninth Circuit and in this District has been whether plaintiff's claim "'arises from the same event or course of conduct that gives rise to claims of other class members and the [*15] claims are based on the same legal theory.'" *Weinberger v. Thornton, 114 F.R.D. at 603* (citation omitted). The fact that some courts have denied class certification where the plaintiff purchased stock after being put on notice of information contrary to prior representations, *see, e.g., In re Fortune Sys. Sec. Litig., 680 F. Supp. 1360, 1370-71 (N.D. Cal. 1987)*, is not dispositive. Class certification has been denied only where there were disclosures whose curative nature was not actually or reasonably disputed. In contrast, the disclosures at issue here are of a different nature, and their affect is disputed. The disclosures defendants claim to have had a curative effect are also tangled in the very same document with compelling, positive, reassuring information regarding ABI. "The parties here do not agree that Defendants cured market misperceptions at any given time with the issuance of [any] press release. Instead, this case involves a relatively wide range of allegedly fraudulent information which is not said to be cured in one pronouncement." *In re Unioil Sec. Litig., 107 F.R.D. 615, 620 (C.D. Cal. 1985)*. [*16] For a court to resolve this dispute, it would have to impermissibly make a factual determination.

### 4. *Adequacy of Representation*

Two criteria exist for determining the adequacy of representation of a class: (1) the named representative must be able to prosecute the action vigorously through qualified counsel, and (2) the representative must not have antagonistic or conflicting interest with the unnamed class members. *Weinberger v. Jackson, 102 F.R.D. at 844-45*. "The emphasis has been and should be placed on whether the representative's counsel is capable." . at 845. There is no dispute here in that Conti's counsel is well qualified to prosecute this action; nor do Defendants dispute Conti's adequacy as a class representative. Conti appears to be an excellent class representative: he regularly read the quarterly and other statements disseminated by ABI, has owned as many as 1,300 shares of ABI, and has never been a plaintiff in another lawsuit; therefore, he has never before served as a class representative.

### B. *Rule 23(b)(3)*

There is no dispute that Plaintiff has established that this is an appropriate action under *Rule 23(b)(3)*. Myriads [*17] of courts have consistently endorsed the use of class procedures in resolving claims under the federal and state securities laws. *See, e.g., Basic, Inc. v. Levinson, 485 U.S. 224 (1988)*

### III. *Motion for Certification for Interlocutory Appeal*

Defendants request that the Court certify a granting of Conti's motion for interlocutory appeal under *28 U.S.C. § 1292(b)*. Certification for interlocutory appeal pursuant to *28 U.S.C. § 1292(b)* requires that this Order (1) "involve a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) that it be the case that "an immediate appeal from the Order may materially advance the ultimate termination of the litigation." The proponent of certification has the burden of showing that "exceptional circumstances" justify "a departure from the basic policy postponing appellate review until after the entry of the final judgment." *In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd, 459 U.S. 1190 (1983)*. Defendants have not met [*18] their burden.

### CONCLUSION

For the foregoing reasons, Conti's motion for class certification and for designation as representative of plaintiff class is hereby GRANTED and Defendants' motion for certification for interlocutory appeal is hereby DENIED.

Case 3:07-cv-04296-MJJ   Document 32-2   Filed 11/27/2007   Page 6 of 6

Page 5

1992 U.S. Dist. LEXIS 15718, *; Fed. Sec. L. Rep. (CCH) P97,001

SO ORDERED.

DATED: August 14, 1992

FERN M. SMITH

United States District Judge