# EXHIBIT C

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 161940 (D.Kan.)
(Cite as: Not Reported in F.Supp.)

Page 1

▷In re Independent Service Organizations Antitrust Litigation
D.Kan.,1997.
Only the Westlaw citation is currently available.
United States District Court, D. Kansas.
IN RE: INDEPENDENT SERVICE ORGANIZATIONS ANTITRUST LITIGATION
This Document Applies To:
CSU Holdings, Inc., et al. v. Xerox (D. Kan. No. 94-2102-EEO).
**Civil Action No. MDL-1021.**

March 12, 1997.

Eric D. Braverman, Employers Reinsurance Corporation, Overland Park, KS, P. John Owen, Lori R. Schultz, Morrison & Hecker, Kansas City, MO, Michael C. Manning, Morrison & Hecker, Phoenix, AZ, for plaintiffs CSU Holdings Inc., Copier Services Unlimited, Inc., Copier Service Unlimited of St. Louis, Inc.
James A. Hennefer, San Francisco, CA, Maxwell M. Blecher, Los Angeles, CA, for plaintiffs Azquisition Specialists, Inc., TECSPEC, Inc., Consolidated Photo Copy, Inc., Copier Rebuild Center, Inc., CPO Ltd., Gradwell Company, Inc., Graphic Corporation of Alabama, International Business Equipment, Inc., Laser Resources Inc., Laser Resources of Minnesota, Inc., Laser Solutions, Inc., Laser Support and Engineering, Inc., Nationwide Technologies, Inc., Reprographics Resources Systems, Inc., Resource Systems, Inc., Suntone Industries, Inc., Technical Duplication Services, Inc., X-Tech Systems Inc., Xer-Dox Inc., Xerographic Copies Services, Inc.
Peter K. Bleakley, Arnold & Porter, Washington, DC, Peter W. Marshall, Xerox Corporation, Stamford, CT, Michael G. Norris, Norris, Keplinger & Logan, L.L.C., Overland Park, C. Larry O'Rourke, E. Robert Yoches, Vincent P. Kovalick, Leslie I. Bookoff, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, DC, for defendant Xerox Corporation.

*MEMORANDUM AND ORDER*
EARL E. O'CONNOR, Senior District Judge.
*1 This matter is before the court on defendant's motion for summary judgment on claims barred by the statute of limitations (Doc. # 328) and plaintiff's motion for summary judgment on defendant's statute of limitations defense (Doc. # 394). After careful consideration of the parties' briefs, the court is now prepared to rule. For the reasons set forth below, defendant's motion will be denied and plaintiff's motion will be granted.

*Factual Background*

For purposes of this opinion, the following is a brief summary of the material facts that are uncontroverted or deemed admitted, pursuant to Federal Rule of Civil Procedure 56 and District of Kansas Rule 56.1.

On March 24, 1992, a putative class action complaint was filed against Xerox Corporation ("Xerox") in *R & D Bus. Sys., et al. v. Xerox Corp.*, No. 2-92-CV-042 (E.D.Tex.). The complaint alleged various antitrust violations against Xerox on behalf of, among others, a class of Independent Service Organizations ("ISOs") defined broadly enough to include CSU Holdings, Inc., et al., (collectively, "CSU"). The *R & D* complaint sought damages for all plaintiffs for the period commencing March 24, 1988. On August 17, 1992, the *R & D* plaintiffs filed a second amended complaint seeking injunctive relief and damages on behalf of all plaintiffs. Damages in the form of lost profits were sought on an individual basis by the named ISO class representatives only. Damages in the form of parts overcharges were sought on behalf of the ISO Damage Class.

On February 23, 1993, the *R & D* court granted plaintiffs' motion for class certification. In August 1993, class counsel in *R & D* objected to discovery by Xerox of "information regarding [the] financial condition" of absent class members because "none of these parties are alleging damages for lost profits." At the very same hearing, counsel for Xerox stated:
The plaintiffs' position is that the parts policy has damaged them by making it difficult for them to service their existing customers, and more importantly in terms of the ultimate scope of their damages, made it difficult and impossible for them to expand and serve more customers and expand into other geographic areas.

They are also claiming generally, as I understand it, the unnamed ISOs are claiming that they were not able to expand their businesses to other geographical

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1997 WL 161940 (D.Kan.)
**(Cite as: Not Reported in F.Supp.)**

areas because the parts policy caused this restriction and because they were hurt financially by that, whether they are making a specific claim for lost profits or not.

The record is unclear how the *R & D* court resolved this dispute. In any case, on October 21, 1993, Xerox requested (1) the nature, extent, and geographic location of products and services offered by CSU from 1981 to the present, (2) CSU's "costs, prices, revenues and margins ... between 1981 and the present" and (3) CSU's expansion, potential expansion or consideration of expansion "into other geographic locales or additional equipment."

**\*2** On March 10, 1994, as the parties sought approval from the *R & D* court of a settlement of the action, CSU filed a Request for Exclusion with the *R & D* court and also filed the instant action. CSU requested exclusion from the *R & D* class in part because the plaintiffs did not seek lost profits on behalf of the ISO Damage Class.

On June 6, 1994, Xerox filed with the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel") its motion for transfer and coordination of related actions and memorandum in support. Xerox sought to transfer and consolidate the instant action with a "substantially identical antitrust action" pending in the Northern District of California. Xerox represented to the Multidistrict Panel that

[t]he plaintiffs and claims in both actions are so similar that all of the plaintiffs were members of the ISO class in the Texas [*R & D*] Action.... The Complaint in the Kansas Action is virtually identical to the Complaint in the Texas [*R & D*] Action.... [B]oth [the Kansas and California] actions are modeled after the Complaint in the settled Texas [*R & D*] Action.

*Summary Judgment Standards*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538-39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

**\*3** "[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir.1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 256. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D. Kan. Rule 56.1.

*Analysis*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 161940 (D.Kan.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

The filing of a class action complaint tolls the applicable statute of limitations for all asserted members of the class. See *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Tolling of the individual's claims continues until either the putative class is narrowed so as to exclude the individual from the class, the individual opts out of the class, or class certification is denied. See *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Ganousis v. E.I. du Pont de Nemours & Co.*, 803 F.Supp. 149 (N.D.Ill.1992).

Xerox contends that CSU is not entitled to any tolling of the statute of limitations because CSU's antitrust claims in this action are different or peripheral claims from those brought in the *R & D* action. Xerox contends that the claims are different because the *R & D* class asserted claims only for damages resulting from overcharges for parts, whereas CSU asserts damages in this action for lost profits. The instant motions raise the issue of whether the statute of limitations is tolled by a class action suit which is identical to an individual's subsequent suit except for the relief requested.

The touchstone of whether the statute of limitations was tolled is notice to the defendant of both the substantive claims being brought and the number and identities of the potential plaintiffs. See *Crown, Cork*, 462 U.S. at 354-55 (J. Powell, concurring). only proper notice will prevent prejudice to the defendant in tolling the limitations period. *Id.* The class suit and individual suit do not have to be "identical in every respect" for the statute of limitations to be tolled, although a plaintiff is precluded from raising "different or peripheral claims" in a subsequent action. *Id.* at 354; *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir.1985); *see Cullen v. Margiotta*, 811 F.2d 698, 721 (2d Cir.) (subsequent suit need not be identical in every respect for tolling to apply), *cert. denied,*483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Linder Dividend Fund, Inc. v. Ernst & Young*, 880 F.Supp. 49, 53 (D.Mass.1995) (same); *Doe v. Blake*, 809 F.Supp. 1020, 1023 (D.Conn.1992) (same); *Rochford v. Joyce*, 755 F.Supp. 1423, 1429 (N.D.Ill.1990) (same); *Sinclair Oil Corp. v. Atlantic Richfield Co.*, 720 F.Supp. 894, 913 n. 50 (D.Utah 1989) (same); *Barneby v. E.F. Hutton & Co.*, 715 F.Supp. 1512, 1528-29 (M.D.Fla.1989) (same). Courts generally look at whether the factual bases of the lawsuits are so similar that the same evidence, memories, and witnesses are involved in the two suits. See *Cullen*, 811 F.2d at 720;*Barneby*, 715 F.Supp. at 1528. If the class suit was sufficiently similar to give defendant ample notice of plaintiff's individual claims, then tolling generally will be appropriate. *Tosti*, 754 F.2d at 1489;*Linder*, 880 F.Supp. at 54;*see Crown Cork*, 462 U.S. at 355;*American Pipe*, 414 U.S. at 554.

*4 Xerox maintains that the class suit must be identical in all respects to the individual suit for tolling to apply. Xerox relies on a footnote in the Supreme Court opinion of *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (filing of Title VII charge with the EEOC does not toll the statute of limitations as to a section 1981 claim). In *Johnson,* the Court noted that "[o]nly where there is complete identity of the causes of action" will defendant be on sufficient notice to guard against the loss of evidence, disappearance of witnesses, and fading of memories. *Id.* at 467 n. 14. The Court's comment directly followed an explanation of petitioner's contention that "a Title VII charge affords the charged party" adequate notice of a section 1981 claim. *Id.* In finding that only complete identity of the causes of action provided sufficient notice, the Supreme Court relied heavily on the congressional intent that Title VII and section 1981 were "independent" administrative and judicial remedies. *Id.* at 460-61; see *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394, 403 (9th Cir.), *cert. denied,*449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980).

The reasoning of the Supreme Court in *Johnson* does not preclude the application of tolling in this case. First, the Supreme Court in *Johnson* recognized that notice to defendant is the essential prerequisite to tolling. The Court applied that general principle to the context of Title VII and section 1981 claims. The Court "did not hold that an identical cause of action in both proceedings is [a] prerequisite to tolling." *Mt. Hood,* 616 F.2d at 403;*see Cullen*, 811 F.2d at 720-21 (tolling under *American Pipe* is not limited to identical causes of action); *Tosti,* 754 F.2d at 1489 ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled."). Second, the two actions in *Johnson* were brought under different substantive statutes, one an administrative proceeding and the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ    Document 32-4    Filed 11/27/2007    Page 5 of 6

Not Reported in F.Supp.                                                                          Page 4
Not Reported in F.Supp., 1997 WL 161940 (D.Kan.)
**(Cite as: Not Reported in F.Supp.)**

other a judicial proceeding. Here, CSU seeks relief under the very same section of the same substantive statute (section 2 of the Sherman Act) which was at issue in the *R & D* class suit.

Finally, the court cannot find, and Xerox has not referenced, a single authority that has applied the language of *Johnson* in the rigid manner suggested by Xerox. Indeed, the court finds that Xerox's suggested reading of *Johnson* is impractical when applied to a individual class member, such as CSU, who opts out of a class action suit and later files its own action. "Such a rule [requiring that both suits be identical] would be illogical because one of the primary reasons a member will opt out of a class suit is that she has strong individual claims against the defendant that she believes will not be redressed by the overall class settlement." *Tosti,* 754 F.2d at 1489. In addition, a rule which allowed tolling only when the suits were identical "would encourage and require absent class members to file protective motions to intervene and assert their new legal theories prior to class certification, thereby producing the very result [ ] courts seek to prevent by such tolling, i.e., 'court congestion, wasted paperwork and expense.' " *Cullen,* 811 F.2d at 721.

*5 The court finds that the filing of the *R & D* class action tolled the statute of limitations with respect to CSU's claims asserted in this action. The tolling of the statute of limitations did not end when the class plaintiffs filed the second amended complaint in the *R & D* action. The second amended complaint in the *R & D* action continued to provide Xerox ample notice of CSU's individual antitrust claim for damages based on thwarted expansion of its business. The complaint in this action mirrors in large part the *R & D* complaint. Indeed, Xerox acknowledged that the complaints are "virtually identical." Both actions involve the same legal theory, i.e., antitrust claims brought under section 2 of the Sherman Act. Both actions involve many of the same facts, e.g., the competitive impact of Xerox's parts policy, and the relevant markets for the sale and service of high volume copiers and printers. Thus, the same evidence, witnesses, and memories likely will be involved.

Xerox cannot complain that it did not receive notice of CSU's claims by the second amended complaint in the *R & D* class suit. Xerox now contends that the ISOs' parts overcharge theory in the *R & D* action was based solely on parts overcharges for ISOs' actual purchases from Xerox, a theory Xerox argues is quite different from the theory advanced by CSU in this action. Although Xerox may characterize correctly the final theory of parts overcharges reflected in the *R & D* settlement agreement, counsel for Xerox contended as of August 1993 that the unnamed ISO class members were "claiming that they were not able to expand their businesses to other geographical areas because the parts policy caused this restriction and because they were hurt financially by that, whether they are making a specific claim for lost profits or not." Although the parts overcharges theory advanced by plaintiffs in *R & D* is not entirely clear on the present record (perhaps because the case never went to trial), the court finds that Xerox was on notice that unnamed *R & D* class members, such as CSU, sought damages for expansion efforts that were allegedly thwarted because of Xerox's conduct. Indeed, Xerox sought discovery from CSU on this specific issue in the *R & D* action.

Even if CSU had to establish that its cause of action here is identical to the cause of action asserted on behalf of absent ISO class members in *R & D,* CSU would still be able to take advantage of the tolling rule. Courts traditionally have found that multiple remedies based on the same set of facts comprise a single cause of action or claim. In the context of rule 54(b) of the Federal Rules of Civil Procedure, the Supreme Court has stated that

respondents set forth but a single claim: that petitioner's employee insurance benefits and maternity leave regulations discriminated against its women employees in violation of Title VII of the Civil Rights Act of 1964. They prayed for several different types of relief in the event that they sustained the allegations of their complaint, see Fed. Rule Civ. Proc. 8(a)(3), but their complaint advanced a single legal theory which was applied to only one set of facts.

*6 *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 743, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). The Court reinforced that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id.* at 743 n. 4;*see General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1028 (6th Cir.1994) ("the fact that GenCorp seeks to recover two types of damages-compensation and disgorgement-does not convert a single claim into multiple claims" for purposes of Rule 54(b)); *Gerardi v. Pelullo,* 16 F.3d 1363, 1369 (3rd Cir.1994)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ     Document 32-4     Filed 11/27/2007     Page 6 of 6

Not Reported in F.Supp.                                                                                          Page 5
Not Reported in F.Supp., 1997 WL 161940 (D.Kan.)
**(Cite as: Not Reported in F.Supp.)**

("alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones"). In addition, in the context of applying res judicata principles, courts have held that "[e]ven though one group of facts may give rise to different claims for relief on different theories of recovery, there remains a single cause of action." *Lee v. City of Peoria,* 685 F.2d 196, 200 (7th Cir.1982); see *In re Air Crash at Dallas/Forth Worth Airport on Aug. 2, 1985,* 861 F.2d 814, 816 (5th Cir.1988) ("A legal theory or claim is part of the same cause of action as a prior claim if it arises from 'the same operative nucleus of fact.' "); *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986) ("A mere change in legal theory does not create a new cause of action") (citation omitted). Finally, the common definition of "cause of action" also supports the interpretation that there can be two remedies for the same cause of action or claim. Black's Law Dictionary (5th Ed.1979) ("Cause of action" is "[t]he fact or facts which give a person a right to judicial relief").

The *R&D* and *CSU* actions are based on a single legal theory applied to only one set of facts. Although the precise remedy requested in the two actions may be slightly different, both actions allege but a single cause of action or claim.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment on claims barred by the statute of limitations (Doc. # 328) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment on defendant's statute of limitations defense (Doc. # 394) is granted.

D.Kan.,1997.
In re Independent Service Organizations Antitrust Litigation
Not Reported in F.Supp., 1997 WL 161940 (D.Kan.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.