Joseph M. Alioto (CA Bar #42680)
ALIOTO LAW FIRM
555 California Street, Suite 3160
San Francisco, CA 94104
Telephone: 415-434-8900
Facsimile: 415-434-9200
Email: josephalioto@mac.com

Daniel R. Shulman, *Pro Hac Vice* (MN Bar #100651)
Jeremy L. Johnson, *Pro Hac Vice* (Pending) (MN Bar #328558)
GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
500 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-632-3335
Facsimile: 612-632-4335
Email: daniel.shulman@gpmlaw.com

Thomas P. Bleau (CA Bar #152945)
BLEAU, FOX & ASSOCIATES
3575 Cahuenga Blvd., West, Suite 580
Los Angeles, CA 90068
Telephone: 323-874-8613
Facsimile: 323-874-1234
Email: bleaushark@aol.com

Bradley K. Beasley, *Pro Hac Vice* (OK Bar #628)
BOESCHE MCDERMOTT LLP
610 S Main Ste 300
Tulsa, OK 74119-1258
Telephone: 918-583-1777
Facsimile: 918-592-5809
Email: bbeasley@bme-law.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE M. MADANI, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SHELL OIL COMPANY; CHEVRON CORPORATION; and SAUDI REFINING, INC.,<br><br>　　　　Defendants. | Court File No. C 07-4296 MJJ<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR TRANSFER OF VENUE**<br><br>Date: December 18, 2007<br>Time: 9:30 a.m.<br>Judge: Martin J. Jenkins<br>Courtroom: 11, 19th Floor<br>　　　　450 Golden Gate Avenue<br>　　　　San Francisco, CA 94102 |

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................. 1

FACTS ................................................................................................................... 1

ARGUMENT ......................................................................................................... 3

I.    LEGAL STANDARD. ................................................................................ 3

II.   PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO DEFERENCE ............... 4

III.  DEFENDANTS HAVE NOT MET THEIR HEAVY BURDEN TO DEMONSTRATE THAT A TRANSFER TO THE CENTRAL DISTRICT IS MORE CONVENIENT OR IN THE INTEREST OF JUSTICE ................................................................................................... 4

    A.   Defendants' Accusations of Forum Shopping are Unfounded ........................ 5

    B.   It Has Been Over Four Years Since Judge King Was Involved in the *Dagher* Action and A Transfer to The Central District Will Lead To No Appreciable Conservation of Judicial Resources ................. 6

    C.   Defendants Have Failed to Show That This District Is Inconvenient ................................................................................................. 9

        1.   Convenience to the Parties ..................................................................... 10

        2.   Convenience to the Witnesses ................................................................ 11

        3.   Ease of Access to Evidence .................................................................... 11

CONCLUSION ...................................................................................................... 11

i


# TABLE OF AUTHORITIES

Page

## CASES

*Alexander v. Franklin Resources, Inc.*,
    No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ............................ 7

*American Can Co. v. Crown Cork & Seal Co.*,
    433 F. Supp. 333 (E.D. Wis. 1977) ...................................................................... 10

*Continental Grain Co. v. The FBL-585*,
    364 U.S. 19 (1960) ............................................................................................. 6-7

*Dagher v. Saudi Refining, Inc.*,
    369 F.3d 1108 (9th Cir. 2004) ......................................................................... Passim

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ............................................................................ 3, 4, 9

*DMP Corp. v. Fruehauf Corp.*,
    617 F. Supp. 76 (W.D.N.C. 1985) ......................................................................... 5

*Heiser v. United Airlines, Inc.*,
    167 F. Supp. 237 (S.D.N.Y. 1958) ...................................................................... 10

*Hoefer v. U.S. Dept. of Commerce*,
    No. C 00 0918 VRW, 2000 WL 890862 (N.D. Cal. June 28, 2000) ..................... 7, 8

*In re Funeral Consumers Antitrust Litigation*,
    No. C 05-01804 WHA, 2005 WL 2334362
    (N.D. Cal. Sept. 23, 2005) ..................................................................................... 5

*London & Hull Maritime Ins. Co. Ltd. v. Eagle Pacific Ins. Co.*,
    No. C 96-01512 CW, 1996 WL 479013 (N.D. Cal. Aug. 14, 1996) .................... 4-5

*Los Angeles Memorial Coliseum Commission v. Nat'l Football League*,
    89 F.R.D. 497 (C.D. Cal. 1981) ................................................................. 3, 4, 9, 10

*Moon v. Stanford*,
    No. C 06-7657 SI, 2007 U.S. Dist. LEXIS 41254
    (N.D. Cal. May 25, 2007) .................................................................................... 10

ii

*Munoz v. UPS Ground Freight, Inc.*,
   No. C07-00970 MJJ, 2007 U.S. Dist. LEXIS 47537
   (N.D. Cal. June 20, 2007) .................................................................................... 9, 10

*Pacific Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) ................................................................................... 4

*Royal Queentex Enterps. Inc. v. Sara Lee Corp.*,
   No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139
   (N.D. Cal., March 1, 2000) ............................................................................ 5, 9, 11

*Texaco v. Dagher*,
   547 U.S. 1 (2006 ...................................................................................................... 2

*United States v. Syufy Enterp.*,
   No. C-86-3057 WHO, 1986 WL 13358 (N.D. Cal. Oct. 17, 1086) ..................... 6. 7. 8

*Van Slyke v. Capital One Bank*,
   503 F. Supp. 2d 1353 (N.D. Cal. 2007) ............................................................ 4, 6, 10

*Von Der Worth v. Johns Manville Corp.*,
   No. C 07-01456 JSW, 2007 WL 2348707
   (N.D. Cal. Aug. 14, 2007) ....................................................................................... 7

*Williams v. Brown*,
   157 F.Supp.2d 1103 (N.D. Cal. 2001) .................................................................... 5

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
   No. C 03-3711 MHP, 2003 WL 22387598
   (N.D. Cal. Oct. 14, 2003) ........................................................................... 7, 8, 10, 11

*Xtended Beauty v. Xtreme Lashes*,
   No. C07-03391 MJJ, 2007 U.S. Dist. LEXIS 68753
   (N.D. Cal. Sept. 7, 2007) ......................................................................................... 5

**RULES AND STATUTES**

28 U.S.C. § 1404(a) ............................................................................................... 1, 3. 9

Clayton Antitrust Act, Section 7
   15 U.S.C. § 18 ..................................................................................................... 1, 4, 8

iii

Federal Rule of Civil Procedure 12(b)96)............................................................................................ 1

Sherman Antitrust Act, Section 1
    15 U.S.C. § 1................................................................................................................. 1, 8

**OTHER AUTHORITIES**

17 James Wm. Moore et al., Moore's Federal Practice
    § 111.13(1)(c)(i) (3d ed. 2007) ............................................................................................ 3

iv

**INTRODUCTION**

Plaintiffs above-named, Mike M. Madani, et al., submit this memorandum in opposition to the joint motion of defendants Shell Oil Company ("Shell"), Chevron Corporation ("Chevron"), and Saudi Refining, Inc. ("Saudi Refining") to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs above-named, Mike M. Madani, et al., submit this memorandum in opposition to the joint motion of defendants Shell Oil Company ("Shell"), Chevron Corporation ("Chevron"), and Saudi Refining, Inc. ("Saudi Refining") to transfer this action to the Central District of California.

Defendants move for transfer pursuant to 28 U.S.C. § 1404(a) on the grounds that plaintiffs are forum shopping and that Judge King in the Central District is better suited to preside over this action. Defendants' motion should be denied for the following reasons:

(1) Plaintiffs' choice of venue is given deference, and defendants have failed to meet the heavy burden of demonstrating their right to transfer.

(2) Plaintiffs have legitimate and sufficient reasons to pursue this action in the Northern District, including that lead counsel, several named plaintiffs, and defendant Chevron are located here.

(3) Defendants' claim that judicial economy will result from the transfer of this action is greatly exaggerated. It has been more than four years since Judge King was involved in the *Dagher* action and although the basic evidentiary record will be the same here, it will need to be supplemented, as required by the Rule of Reason, by expert testimony and other industry and market evidence not produced in the *Dagher* action.

(4) Defendants have failed to show that this district is inconvenient for them.

**FACTS**

On or about June 15, 1999, Fouad N. Dagher et al. filed suit against defendants in the United States District Court for the Central District of California in case no. CV-99-06114 GHK (JWJx) ("the *Dagher* action"). That same day, the plaintiffs in the *Dagher* action filed a first

amended complaint "on behalf of themselves and the approximately 23,000 Shell and Texaco branded dealers nationwide who operate or have operated Shell and Texaco branded marketing premises and franchises throughout the United States and who have purchased gasoline from defendants MOTIVA ENTERPRISES, LLC and/or EQUILON ENTERPRISES LLC, or both, since January 1998 to the present time."[1] The claims asserted in the first amended complaint in the *Dagher* action were that the conduct of the defendants in forming Equilon and Motiva and causing them to charge the same prices for the Shell and Texaco brands of gasoline constituted price fixing in violation of Section 1 of the Sherman Act under the *per se* rule or the quick look rule of reason.

The *Dagher* action terminated on or about November 15, 2006, when the District Court received the mandate of the United States Court of Appeals for the Ninth Circuit affirming the District Court's grant of summary judgment for the defendants pursuant to a decision of the United States Supreme Court on February 28, 2006. *Texaco v. Dagher*, 547 U.S. 1, 126 S.Ct. 1276 (2006). The District Court had granted summary judgment for defendant Saudi on May 21, 2002 and for defendants Shell and Texaco on August 13, 2002, but was reversed by the Ninth Circuit. *Dagher v. Saudi Refining, Inc.*, 369 F.3d 1108 (9th Cir. 2004).[2] The Supreme Court granted certiorari, reversed the Ninth Circuit, and remanded the case to the Ninth Circuit, which then affirmed the District Court and issued its mandate to the District Court, which entered its final judgment on November 15, 2006. Accordingly, the *Dagher* action was dormant in the District Court for four years and three months (August 13, 2002 – November 15, 2006) pending appellate review of the District Court's decision.

During the pendency of the *Dagher* action, although the plaintiffs asked the District Court for leave to file a motion for class certification, the Court declined to hear any class motion, and hence never entertained or ruled on a motion for class certification.

---

[1] Equilon and Motiva were originally named as defendants in the *Dagher* action, but were subsequently dismissed from the case.
[2] The Ninth Circuit, however, affirmed the District Court's summary judgment in favor of defendant Saudi. This aspect of the Ninth Circuit's decision was not reviewed by the Supreme Court.

On August 21, 2007, plaintiffs filed this action on behalf of themselves and a class of persons similarly situated, approximately 25,000 Shell and Texaco branded dealers nationwide who operated or have operated Shell or Texaco branded marketing premises and franchises throughout the United States and who purchased gasoline from Equilon or Motiva from January 1998 to October 2001. Expressly excluded from the class are those dealers who were plaintiffs in the *Dagher* action. Four of the named plaintiffs are residents of this district. Lead counsel, Joseph M. Alioto, is a resident of San Francisco and maintains his law firm here, and defendant Chevron's headquarters and principal place of business are in San Ramon.

In their complaint, plaintiffs contend that the formation of Equilon and Motiva violated Section 7 of the Clayton Act, and that the defendants' agreement to fix the price of Shell and Texaco gasoline sold by Equilon and Motiva violated Section 1 of the Sherman Act under the full Rule of Reason.

## ARGUMENT

I.  **LEGAL STANDARD**

A plaintiff's choice of venue "should not be lightly disturbed." *Los Angeles Memorial Coliseum Commission v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981); *see Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."); 17 James Wm. Moore et al., Moore's Federal Practice § 111.13(1)(c)(i) (3d ed. 2007) ("As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless the other factors weigh substantially in favor of transfer.") (citations omitted). A defendant's burden on a transfer motion is "especially heavy in antitrust suits, where plaintiff's choice of forum is entitled to particular respect." *Los Angeles Memorial Coliseum*, 89 F.R.D. at 500 (denying defense motion to transfer) (citations omitted).

To transfer this action to the Central District under 28 U.S.C. § 1404(a), defendants bear a heavy burden in convincing the court: (1) that the transferee district is one in which the action might have been brought, and (2) that a transfer would be convenient and in the interest of

justice. Although this action might also have been brought in the Central District, maintaining the action in this district is at least equally as convenient as maintaining it in the Central District, and the interest of justice are at least just as well served by keeping the case in this Court. Accordingly, defendants' motion should and must be denied.

## II. PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO DEFERENCE

The Ninth Circuit has held that "[t]here can be no doubt that in antitrust cases the plaintiff is given a wide choice of forum . . ." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 953 (9th Cir. 1968). Moreover, contrary to defendants' argument, even as representatives of a putative class, plaintiffs are entitled to deference in their choice of forum. *See Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007) (denying defendants' motion to transfer and noting that lead plaintiff's choice of venue militated against transfer). Deference to plaintiffs' choice of venue is particularly appropriate here where several of the named plaintiffs are residents of this district. *See Los Angeles Memorial Coliseum*, 89 F.R.D. at 500 ("The fact that the plaintiff's choice of forum is its home district, however, has been considered sufficient to defeat a motion for transfer, absent concrete indications as to why another particular forum was better.") Also, plaintiffs specifically allege that defendants fixed the prices of gasoline in San Francisco during the relevant period. (Compl., ¶ 104.) Accordingly, this district clearly has an interest in the parties and subject matter of this litigation.

## III. DEFENDANTS HAVE NOT MET THEIR HEAVY BURDEN TO DEMONSTRATE THAT A TRANSFER TO THE CENTRAL DISTRICT IS MORE CONVENIENT OR IN THE INTEREST OF JUSTICE

Defendants "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Van Slyke*, 503 F.Supp.2d at 1362, 1366 (holding that even though some factors favored transfer, defendant had not carried its burden to justify transfer); *Decker*, 805 F.2d at 843 (affirming denial of transfer despite defendant's argument that its chosen forum was more convenient). To do so, defendants must set forth a "strong argument that an action should be transferred 'by showing more than a bare balance of convenience in…[their] favor and that a transfer does more than merely shift the inconvenience.'" *London & Hull Maritime Ins.*

*Co. Ltd. v. Eagle Pacific Ins. Co.*, No. C 96-01512 CW, 1996 WL 479013, at *3 (N.D. Cal. Aug. 14, 1996) (citing *DMP Corp. v. Fruehauf Corp.*, 617 F. Supp. 76, 77 (W.D.N.C. 1985). Here, defendants fail to make a strong showing that justice and convenience require the transfer of this action to the Central District.

### A. Defendants' Accusations of Forum Shopping Are Unfounded

Defendants wrongly accuse plaintiffs of forum shopping, such that their choice of venue deserves only minimum deference. A plaintiff's choice of forum, however, is not forum shopping if, as here, the plaintiff has legitimate reasons for choosing the forum. *See Xtended Beauty v. Xtreme Lashes*, No. C07-03391 MJJ, 2007 U.S. Dist. LEXIS 68753, at *4 (N.D. Cal. Sept. 7, 2007) (no evidence of forum shopping, even though plaintiff knew defendant might file suit later in Texas, when plaintiff's main office, business, records, and customers were in its chosen district and none of its offices were in Texas); *Williams v. Brown*, 157 F.Supp.2d 1103, 1107 (N.D. Cal. 2001) (no forum shopping when plaintiff, who was in prison in one district, asserted "genuine intention" to reside in the chosen district after release and prior to trial); *Royal Queentex Enterps. Inc. v. Sara Lee Corp.*, No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *10, *16-*17 (N.D. Cal., March 1, 2000) (no evidence of forum shopping when plaintiff filed in its home state, even though suit was filed after plaintiff received a cease-and-desist letter from defendant).

Plaintiffs' choice to file this action in this district is not the "textbook" forum shopping that defendants claim. *See In re Funeral Consumers Antitrust Litigation*, No. C 05-01804 WHA, 2005 WL 2334362, at *2, *7 (N.D. Cal. Sept. 23, 2005) (finding that where none of the plaintiffs lived within the chosen forum and only one lived in California, none of the defendants' principal places of business were in California, no operative facts were alleged to have occurred in the district, and most of the witnesses lived outside of the state, that the plaintiff's attorneys tried to add a plaintiff from within the forum after arguments had been heard on the motion to transfer venue "smacked of forum shopping."). Obviously, none of the cited factors is present here.

Plaintiffs had legitimate reasons for choosing this forum. Four of the named plaintiffs are residents of this district, lead counsel's residence and principal place of business are in San Francisco, and defendant Chevron's headquarters and principal place of business are in San Ramon. Moreover, defendants' actions gave rise to injuries in this District to the named plaintiffs and to many of the putative class members. Paragraph 104 of the Complaint specifically alleges that as part of the defendants' violations, "In San Francisco, from January to April, 1999, Equilon raised [gasoline] prices from $.72 to $1.12 per gallon." Because the Northern District has an interest in ensuring efficacious remedies for injuries to its citizens, there is therefore a local interest in keeping the action in this district. *See Van Slyke* 503 F.Supp.2d at 1365 (explaining that California had an interest in retaining a lawsuit to "prevent[ ] fraudulent practices which may have an effect both in California and throughout the country.")

In addition, plaintiffs clearly have not attempted to find a different forum with more favorable law. The law will be exactly the same in this District as in the Central District: federal antitrust law, as determined by the Supreme Court and the Ninth Circuit, will apply to this case whether it proceeds in the Northern District or the Central District.

In fact, defendants, who are seeking to have the case moved to a judge they believe is more likely to rule in their favor, could be accused of forum shopping. *See United States v. Syufy Enterp.*, No. C-86-3057 WHO, 1986 WL 13358, at *3 (N.D. Cal. Oct. 17, 1986) (observing that the defendants appeared to be engaged in forum shopping and explaining that "transfer of venue is not a forum shopping instrument [and a]ny effort to transfer a case to obtain a specific ruling of another district court is 'disfavored.'") (citation omitted).

**B.     It Has Been Over Four Years Since Judge King Was Involved in the *Dagher* Action and A Transfer to The Central District Will Lead To No Appreciable Conservation of Judicial Resources**

If a related case is pending in a different district, a court may favor a motion to transfer to that district so that the cases may be consolidated. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."

OPPOSITION TO MOTION FOR TRANSFER
NO. C 07-4296 MJJ

6

*Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S.Ct. 1470 (1960). This rule is based on the conservation of legal resources that arises when cases can be consolidated. *See, e.g., Von Der Worth v. Johns Manville Corp.*, No. C 07-01456 JSW, 2007 WL 2348707, at *3 (N.D. Cal. Aug. 14, 2007) ("Accordingly, in light of the pending Georgia Action, the Court finds that the interests of justice and conservation of resources of both the judicial system and the parties would be strongly served by transferring this matter to the Northern District of Georgia."); *Alexander v. Franklin Resources, Inc.*, No. C 06-7121 SI, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007). This rationale does not apply, however, when the purportedly related case is no longer pending before the other court. In *United States v. Syufy Enterprises*, for example, the defendant argued that a case should be transferred because two cases involving the same facts and issues had been adjudicated in a different district. 1986 WL 13358, at *1. In denying the motion to change venue, the Court analyzed the current case's similarity only to the previously filed case that was still pending. *Id.* ("Only the Roberts case remains to be tried in the Central District, and it differs markedly from the government action."). The District Court did not consider the case that was no longer pending in its analysis of whether the case should be transferred. In this case, the purportedly related *Dagher* action was dormant in the Central District for over four years, was dismissed by a final judgment on November 15, 2006, and has not been pending for over a year. There is thus nothing for this case to be consolidated with in the Central District, and possible consolidation cannot provide a rationale for the transfer of this action.

Those few cases where courts have granted motions to transfer even when the related case was no longer pending are readily distinguishable from the present situation. *See Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003); *Hoefer v. U.S. Dept. of Commerce*, No. C. 00 0918 VRW, 2000 WL 890862, at *1 (N.D. Cal. June 28, 2000). In *Wireless* and *Hoefer*, the claims brought in the two related cases were sufficiently identical that it made sense to transfer them to the same district, where the same judge could dispose of them. In *Wireless*, the plaintiffs "double-filed"

an identical case in a different district, and, although the first action was subsequently dismissed and consolidation was not possible, the District Court granted a motion to transfer. In *Hoefer*, at least one of the plaintiffs' claims was identical to that filed in a previous suit. 2000 WL 890862, at *1 (stating that both cases involved claims that registration fees charged by a domain name registrar constituted illegal taxes). In addition, many other factors favored transfer. The transferee district was the location of all of the defendants, a number of the plaintiffs (only one of whom lived in the current district), and all of the defendants' key witnesses and documents. The "center of gravity" of the suit was thus in the transferee district, the court explained when granting transfer. *Id.* at *2-*3.

The claims here are not identical to those in the *Dagher* action. ***Indeed, that is the entire point of this lawsuit.*** In the *Dagher* action, the plaintiffs claimed price fixing under the per se rule or the quick look rule, in a lawsuit that never became a class action before it was dismissed. In the current action, a different group of plaintiffs is pursuing claims under Section 7 of the Clayton Act and for price fixing in violation of Section 1 of the Sherman Act under the full rule of reason. The Supreme Court in *Dagher* said that any claims against the defendants arising from the formation and operation of Equilon and Motiva could not be pursued under the theories adopted by the plaintiffs in *Dagher* (per se and quick look liability), but would have to be asserted under the full rule of reason. That is exactly what the plaintiffs are doing here, just what the Supreme Court told them to do. The legal theories in this case necessarily are different from the claims in *Dagher*, as mandated by the Supreme Court's decision. *See Syufy Enterp.*, 1986 WL 13358, at *3 (noting, when denying a motion to transfer, differences between the case at issue and the allegedly related case in the proposed transferee district).

Defendants are also wrong that judicial economy would result from the transfer of this suit to the Central District. Any familiarity Judge King once had with the case may well have faded in the more than four years since the case was last active. Even if the *Dagher* action were more recent, however, this case, as shown, involves claims that Judge King never considered in *Dagher*. *Under the Supreme Court's decision, this case cannot involve those claims.* Although

the basic factual record concerning defendants' conduct will be identical in the two actions, this does not warrant transfer. There is no need for any discovery to be repeated; the parties can simply stipulate, or this Court can order, that the record in the *Dagher* action can be used as if created in this action. Further, this action will require the development of additional evidence concerning relevant market and effects on competition, not in the *Dagher* record, as called for by a full rule of reason inquiry. There is no saving or conservation of resources in having this discovery done in the Central District rather than here. Finally, because much of the underlying factual record in *Dagher* was stipulated to, this Court can readily familiarize itself with the record simply by reading the parties' stipulation in much the same time as Judge King would need to refresh himself after more than four years of inactivity.

Thus, insofar as issues of law and fact are involved, there will be no conservation of judicial resources from transferring this action to the Central District.

### C. Defendants Have Failed to Show That This District Is Inconvenient

"Under § 1404(a), the moving party has the burden of showing that the balance of conveniences weighs heavily in favor of transfer in order to overcome the strong presumption in favor of plaintiff's choice of forum." *Munoz v. UPS Ground Freight, Inc.*, No. C07-00970 MJJ, 2007 U.S. Dist. LEXIS 47537 at *4 (N.D. Cal. June 20, 2007) (citing *Decker*, 805 F.2d at 843); *see also Royal Queentex*, 2000 U.S. Dist. LEXIS 10139, at *17 (stating that even though the present district would be inconvenient for the defendant, the transferee district was inconvenient for the plaintiff, and the defendant had not shown the balance of inconveniences weighed highly in favor of transfer). Further, it is insufficient for defendants to show, as they attempt to do here, that a transfer to the Central District would not be inconvenient for them. Instead, defendants must make a strong showing that the transferee district would be much more convenient for them. *See Los Angeles Memorial Coliseum*, 89 F.R.D. at 501 (explaining that defendant had not shown that the present forum was inconvenient for it).

1.    Convenience to the Parties

Because several of the named plaintiffs reside in the Northern District, the plaintiffs' convenience favors keeping the suit in this district. *Van Slyke*, 503 F.Supp.2d at 1363. ("A lead plaintiff has important responsibilities in managing class actions. To send this case to Virginia would be a financial hardship on the California plaintiff and would compromise lead plaintiff's ability to attend hearings."); *see also Moon v. Stanford*, No. C 06-7657 SI, 2007 U.S. Dist. LEXIS 41254, at *5-*6 (N.D. Cal. May 25, 2007) (denying a motion to transfer venue in a putative class action suit, even though a similar suit was pending in another district, when one of the named plaintiffs resided in the plaintiff's chosen forum). Plaintiffs' lead attorney also resides in this District. *See Los Angeles Memorial Coliseum*, 89 F.R.D. at 500 (considering the fact that attorneys were located in the current forum when denying the defendant's motion for change of venue; explaining that the cost of transporting and housing counsel during a lengthy trial would be a considerable burden on the parties). Though more named plaintiffs may reside in the Central District, plaintiffs are not obligated to add up their numbers and bring the lawsuit only in the district where the greatest number of them reside. *See Munoz*, 2007 U.S. Dist. LEXIS 47537, at *9 (holding that it was sufficient that one named plaintiff in a proposed class action lived in the plaintiff's chosen forum, even though the remaining three lived in the defendant's preferred district). In any case, defendants cannot assert plaintiffs' inconvenience in support of a motion to transfer. *Wireless*, 2003 WL 22387598, at *4 (citing *American Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 338 (E.D. Wis. 1977)). "If plaintiff is willing to suffer the inconvenience and expense incurred by suing in a particular forum of his choice, his choice to do so is entirely his own concern." *Id.* (citing *Heiser v. United Airlines, Inc.*, 167 F. Supp. 237, 237 (S.D.N.Y. 1958)).

To warrant transfer, defendants must make a strong showing that the transferee district would be much more convenient for them than this Court. *See Los Angeles Memorial Coliseum*, 89 F.R.D. at 501 (explaining that defendant had not shown the present forum was inconvenient for it). One of the defendants, Chevron, has its headquarters in the Northern District, so this

District would obviously be the most convenient for it.  The only other district that arguably would be more convenient for the defendants is the Southern District of Texas where both of the other defendants have their headquarters, but the defendants are not arguing for a transfer to that district.  When a defendant is out-of-state, with no greater connection to one district than another within the state, the convenience of the defendant does not favor a transfer.  *See Wireless,* 2003 WL 22387598, at *4 ("T-Mobile is an out-of-state defendant, having no greater connection to the Northern District than to any other districts in California.  Therefore, the convenience of the defendant does not favor transferring the case from the Northern District to the Central District.").  Defendants certainly have not shown that the inconveniences they would experience in the present district greatly outweigh the inconveniences for the plaintiffs in the transferee district.  *See Royal Queentex*, 2000 U.S. Dist. LEXIS 10139, at *17.

    2.    <u>Convenience to the Witnesses</u>

If witnesses will have to travel to the district whether or not the case is transferred, this factor is considered neutral.  *See Wireless*, 2003 WL 22387598, at *4 (explaining that out-of-district witnesses "are therefore equally inconvenienced whether or not the case is transferred.").  Therefore, this factor does not help defendants make the "strong showing" of convenience needed to upset plaintiffs' choice of forum.

    3.    <u>Ease of Access to Evidence</u>

With defendant Chevron being located in the Northern District, any evidence in Chevron's possession will be more accessible in the Northern District than in the Central District.  In addition, defendants have not shown that any other evidence or witnesses are in the Central District.

## **CONCLUSION**

Considering all of the above factors, it is clear defendants have not carried the "heavy burden" imposed by a motion to transfer venue.  Plaintiffs' choice of forum is entitled to deference, and defendants have not made a "strong showing of inconvenience" that would overcome this deference.  The location of several lead plaintiffs, plaintiffs' lead attorney, and the

headquarters of defendant Chevron in the Northern District, makes this forum convenient for the parties; in addition, much of the evidence is accessible in this District. The factors of the convenience of witnesses, the familiarity of the forum with the applicable law,[3] and the relative court congestion do not favor either party. Defendants' motion to transfer to the Central District of California should be denied.

Dated:   November 27, 2007.

           ALIOTO LAW FIRM
           GRAY, PLANT, MOOTY,
           MOOTY & BENNETT, P.A.
           BLEAU, FOX & ASSOCIATES, A.P.C.
           BOESCHE MCDERMOTT LLP


By :    /s/Daniel R. Shulman
        Daniel R. Shulman, Esq.

Joseph M. Alioto (CA Bar #42680)
ALIOTO LAW FIRM
555 California Street, Suite 3160
San Francisco, CA  94104
Telephone:  415-434-8900
Facsimile:  415-434-9200
Email:  josephalioto@mac.com

Daniel R. Shulman, *Pro Hac Vice* (MN Bar #100651)
Jeremy L. Johnson, *Pro Hac Vice* (Pending)
(MN Bar #328558)
GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
500 IDS Center, 80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612-632-3335
Facsimile:  612-632-4335
Email:  daniel.shulman@gpmlaw.com

---

[3] As noted, because the legal claims in this case *must* be different from those in *Dagher*, as the Supreme Court decision requires, Judge King in the Central District has no greater familiarity with the applicable law than this Court.

1
2
3
4
5
6
7
8
9

Thomas P. Bleau (CA Bar #152945)
BLEAU, FOX & ASSOCIATES
3575 Cahuenga Blvd., West, Suite 580
Los Angeles, CA 90068
Telephone: 323-874-8613
Facsimile: 323-874-1234
Email: bleaushark@aol.com

Bradley K. Beasley, *Pro Hac Vice* (OK Bar #628)
BOESCHE MCDERMOTT LLP
610 S Main Ste 300
Tulsa, OK 74119-1258
Telephone: 918-583-1777
Facsimile: 918-592-5809
Email: bbeasley@bme-law.com

10

GP:2292738 v1

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO MOTION FOR TRANSFER
NO. C 07-4296 MJJ

13