# EXHIBIT C

LEXSEE 2000 U.S. DIST LEXIS 10139

ROYAL QUEENTEX ENTERPRISES INC., Plaintiff, v. SARA LEE CORPORATION, Defendant.

No. C 99-4787 MJJ

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2000 U.S. Dist. LEXIS 10139

March 1, 2000, Decided
March 1, 2000, Filed

**DISPOSITION:** [*1] Motion to transfer venue DENIED.

**COUNSEL:** For ROYAL QUEENTEX ENTERPRISES, INC., Plaintiff: Shane Brun, Michael J. Bettinger, Preston Gates & Ellis LLP, San Francisco, CA.

For SARA LEE CORPORATION, defendant: Curtis E.A. Karnow, Sonnenschein Nath & Rosenthal, San Francisco, CA.

For SARA LEE CORPORATION, defendant: George L. Little, J. David Mayberry, B. Gordon Watkins, Kilpatrick Stockton, LLP, Winston-Salem, NC.

For SARA LEE CORPORATION, defendant: R. Todd Morgan, Kilpatrick Stockton LLP, Raleigh, NC.

For SARA LEE CORPORATION, Counter-claimant: Curtis E.A. Karnow, Sonnenschein Nath & Rosenthal, San Francisco, CA.

For SARA LEE CORPORATION, Counter-claimant: George L. Little, J. David Mayberry, B. Gordon Watkins, Kilpatrick Stockton, LLP, Winston-Salem, NC.

For SARA LEE CORPORATION, Counter-claimant: R. Todd Morgan, Kilpatrick Stockton LLP, Raleigh, NC.

For ROYAL QUEENTEX ENTERPRISES, INC., Counter-defendant: Shane Brun, Michael J. Bettinger, Preston Gates & Ellis LLP, San Francisco, CA.

**JUDGES:** MARTIN J. JENKINS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** MARTIN J. JENKINS

**OPINION**

**ORDER DENYING MOTION TO TRANSFER VENUE**

**INTRODUCTION**

Before this Court is the motion [*2] of defendant Sara Lee Inc. ("Sara Lee") to transfer venue pursuant to 28 U.S.C. 1404(a). For the reasons outlined in this memorandum and order, the motion is DENIED.

**FACTUAL BACKGROUND**

This factual dispute between Royal Queentex Enterprises, Inc. ("Royal Queentex") and Sara Lee concerns the latter's allegation that Royal Queentex's "Leg Avenue" product mark infringes and dilutes Sara Lee's successful "L'EGGS" trademark. On October 29, 1999, Royal Queentex filed a declaratory relief action in this Court (hereinafter "the California action") to establish its right to use the "Leg Avenue" mark. On November 24, 1999, Sara Lee filed a complaint against Royal Queentex and two additional parties in the Middle District of North Carolina, alleging that Royal

Queentex engaged in trademark infringement and false designation of origin, federal and state trademark dilution, and unfair competition (hereinafter "the North Carolina action").

Sara Lee is a multinational corporation with operations in more than 40 countries. According to public information, Sara Lee generates more than $ 20 billion in annual revenue from five lines of businesses. One of them is branded [*3] apparel, among them the L'EGGS hosiery brand. Sara Lee's branded apparel products has

Case 3:07-cv-04296-MJJ    Document 35-4    Filed 11/27/2007    Page 3 of 7

Page 2
2000 U.S. Dist. LEXIS 10139, *

annual sales of $ 2.5 billion. Sara Lee has sold $ 10 billion in L'EGGS brand product since 1969. Sara Lee Hosiery is based in Winston-Salem, North Carolina.[1]

> 1 Sara Lee is a Maryland corporation with its principal place of business in Chicago, Illinois.

Royal Queentex is a California corporation with its place of business in Los Angeles, California. Royal Queentex imports exotic lingerie from Taiwan and distributes it to wholesalers throughout the U.S. under the label "Leg Avenue." Royal Queentex has eight employees including Michael Tsai, who manages the business. Royal Queentex's sales in 1999 were approximately $ 6.6 million, with more than 30 percent occurring in California. North Carolina accounted for 3.6% percent of its 1999 sales.

On November 12, 1996 Royal Queentex filed an application with the United States Patent and Trademark Office ("PTO") to register the mark LEG AVENUE for use with its hosiery. The mark LEG [*4] AVENUE was published for opposition by the PTO on June 17, 1997. In October 1997, Sara Lee filed an opposition to registration of the LEG AVENUE mark. Royal Queentex did not respond to Sara Lee's opposition.[2] After waiting five months, the Trademark Trial and Appeals Board ("PTTB") entered default judgment in favor of Sara Lee and denied registration of Royal Queentex's LEG AVENUE mark based on Royal Queentex's apparent abandonment of the application.

> 2 Royal Queentex says it missed its filing deadline due to a procedural mix-up. However, according to PTTB correspondence, it appears Royal Queentex experienced difficulty with counsel. On June 10, 1998, the PTTB issued an order suspending proceedings in view of the withdrawal of Royal Queentex's counsel. The PTTB gave Royal Queentex time to either appoint new counsel or continue pro se. Additionally, The PTTB gave Royal Queentex thirty days to show why default judgment should not be entered due to their apparent loss of interest in the case. Royal Queentex never responded and default judgment was entered on August 19, 1998.

[*5] On October 21, 1999, Sara Lee's outside counsel mailed a cease and desist letter to Queentex which read:

We are directing this correspondence in the hope that this matter may be resolved amicably. L'EGGS Products is willing to forego legal action to enforce its rights only if we receive prompt written assurances that Royal Queentex will immediately discontinue all us of any name containing the words "LEG" or "LEGS," or any colorable imitation thereof, including but not limited to use of the designation "LEG AVENUE," in connection with the sale of hosiery products of any type, including pantyhose, knee-highs, socks, tights, trouser socks, or other forms of legwear.

If we do not receive a response with these assurances within fourteen (14) days of the date of this letter, L'EGGS Products has authorized this firm to take further legal action necessary and appropriate to enforce its valuable trademark rights.

This letter was delivered to Royal Queentex on October 26, 1999.

Three days later, Royal Queentex filed the California action for declaratory relief without responding to Sara Lee's letter. Nearly four weeks after the California action was filed, Sara Lee filed the North [*6] Carolina action for infringement and dilution. On December 8, 1999, Sara Lee answered here and concurrently filed this motion to transfer venue of the California action to the Middle District of North Carolina pursuant to *28 U.S.C. § 1404(a)*.

## DISCUSSION

### I. Legal Standard

Motions to transfer venue are governed by *28 U.S.C. § 1404(a) Section 1404(a)* provides that for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *28 U.S.C. § 1404(a) (1998)*. The purpose of *section 1404(a)* is to prevent the waste of 'time energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack, 376 U.S. 612, 616, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964)* (quoting *Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)*). Under *section 1404(a)*, the moving party has the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to [*7] overcome the strong presumption in favor of the plaintiff's choice of forum. See *Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)*; *Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981)*.

In order to support a motion to transfer venue, the moving party must show that the forum to which they seek transfer is a forum in which the action originally might have been brought. See *Hoffman v. Blaski, 363 U.S. 335, 344, 4 L. Ed. 2d 1254, 80 S. Ct. 1084 (1960)*. In addition, the transfer must be for the convenience of the parties and witnesses and in the interests of justice. See *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998)* (citing

Case 3:07-cv-04296-MJJ    Document 35-4    Filed 11/27/2007    Page 4 of 7

Page 3
2000 U.S. Dist. LEXIS 10139, *

*Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 185 (9th Cir. 1969)). This Circuit set forth several considerations that can be used in weighing these factors. These include: 1) plaintiff's choice of forum, 2) convenience of the parties, 3) convenience of the witnesses, 4) ease of access to the evidence, 5) familiarity of each forum with the applicable law, 6) feasibility [*8] of consolidation of other claims, 7) any local interest in the controversy, and 8) the relative court congestion and time of trial in each forum. *See Decker Coal*, 805 F.2d at 843; *Linear Technology Corp. v. Analog Devices, Inc.*, 1995 U.S. Dist. LEXIS 4548, 1995 WL 225672, *1 (N.D. Cal. 1995); *Teknekron Software Systems, Inc. v. Cornell University*, 1993 U.S. Dist. LEXIS 21337, 1993 WL 215024, *7 (N.D. Cal. 1993); *University of California v. Eli Lilly & Co.*, 21 U.S.P.Q.2D (BNA) 1201, 1207 (N.D. Cal. 1991).

## II. Might Have Been Brought

Transfer under *section 1404(a)* is limited to courts where the action might have been brought. *See Hoffman*, 363 U.S. at 344; *A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974). The transferee court must have had complete personal jurisdiction over defendants, subject matter jurisdiction over the claim, and proper venue had the claim originally been brought in that court. *See Hoffman*, 363 U.S. at 343-44. Here, it is undisputed that Royal Queentex's California action could have been brought in the Middle District of North Carolina.

[*9] The Middle District of North Carolina has proper personal jurisdiction over Sara Lee because the L'EGGS Products division of Sara Lee is headquartered in Winston-Salem, North Carolina, and because Sara Lee conducts substantial business from that location. Venue is proper pursuant to 28 U.S.C. § 1391(c) for corporations in any district in which a court has proper personal jurisdiction over that corporation. Finally, this Court has proper subject matter jurisdiction over the claim based on diversity and because the claim exceeds $ 75,000. Therefore, since the action might have been brought in the Middle District of North Carolina, the Court now turns to a consideration of the convenience and justice factors at issue in this case.

## III. Convenience Factors

### A. Plaintiff's Choice of Forum

In motions to transfer venue, there is a strong presumption in favor of plaintiff's choice of forum. *Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659, 1999 WL 638231 (N.D. Cal. 1999)(citing *Piper Aircraft*, 454 U.S. at 255). Therefore, on this Rule 1404(a) motion to transfer, Sara Lee bears the burden of overcoming this presumption to demonstrate that the balance [*10] of inconveniences substantially weighs in favor of transfer. *See Decker Coal v. Continental Edison*, 805 F.2d 834, 843 (9th Cir. 1986). While plaintiff's choice of forum is to be given great weight, that choice is not the final word. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Circumstances in which a plaintiff's chosen forum will be accorded little deference include cases of anticipatory suits and forum shopping. *See Mission Ins. Co. v. Purina Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir. 1983). The principle disfavoring anticipatory lawsuits is especially strong where, as here, the first-filed suit is one for a declaratory judgment. "[A] proper factor to consider in dismissing a declaratory judgment is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping." *Patton Electric Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 708 (N.D. Ind. 1991).

Sara Lee claims Royal Queentex engaged in forum shopping, and filed the California action in anticipation of the North Carolina action. For the reasons stated herein, the Court disagrees. [*11] Sara Lee argues that (1) either the letter to Royal Queentex did not raise a justiciable controversy, in which Royal Queentex would have no grounds for declaratory judgment action, or (2) the letter contained a specific threat of imminent suit by Sara Lee thereby making this action anticipatory.

Sara Lee's first argument misapplies and misinterprets the Declaratory Judgment Act. 28 U.S.C.A. § 2201. Declaratory judgment actions are justiciable if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 85 L. Ed. 826, 61 S. Ct. 510 (1941); *see also National Basketball Association v. SDC Basketball Club*, 815 F.2d 562, 565. "In a trademark case, the 'actual case or controversy' test requires the plaintiff to establish: (1) that the defendant's conduct created 'a real and reasonable apprehension of liability on the part of the plaintiff,' and (2) that the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the [*12] defendant." *See Windsurfing Intern. Inc. v. AMF Inc.*, 828 F.2d 755, 757-58 (Fed. Cir. 1989).

While this determination often requires some *ad hoc* factual navigation, this outcome appears to be quite clear in this case. "The question is whether the District Court would have jurisdiction to hear a coercive action brought by the declaratory judgment defendant." *Seattle Audubon Society v. Moseley*, 80 F.3d 1401, 1406 (9th Cir. 1996). Here, the answer is clearly that it would. This Court would have jurisdiction to hear a claim for infringement and dilution initiated by Sara Lee against Royal Queentex; thus, this Court also has jurisdiction to hear Royal Queentex's claim for a declaratory judgment that it is not

infringing or diluting Sara Lee's trademark. Royal Queentex clearly had the right both to reject Sara Lee's offer to discuss settlement and to take an aggressive stance by immediately filing a declaratory judgment action upon receiving the cease and desist letter. *Hanson PLC v. Metro-Goldwyn-Mayer Inc., 932 F. Supp. 104, 108 (S.D.N.Y. 1996).*

Sara Lee next offers the proposition that where a party mails a cease and desist letter, [*13] the opposing party may not steal away the choice of forum by immediately filing a declaratory judgment action. Prevailing law, including the cases cited by Sara Lee, do not support such a neat conclusion. In *Charles Schwab & Co., Inc. v. Duffy, 1998 U.S. Dist. LEXIS 19606, 49 U.S.P.Q.2D (BNA) 1862, 1864 (N.D. Cal. 1998)* (Chesney, J.), cited by Sara Lee, the court dismissed a declaratory judgment action because it could not exercise personal jurisdiction over defendant. In other words, *Schwab* is in full accord with the "mirror image" rule set forth in *Seattle Audubon*. However, the court noted that even if it had personal jurisdiction over the defendant, it would not permit the case to continue and reward the winner of the "race to the courthouse." *Id.* However, in *Schwab*, the court was not penalizing plaintiff for winning the race to the courthouse; rather, the court penalized plaintiff for the tactics used to win the race. "The race to the courthouse appears to have been 'won' by Schwab, at least in large part, due to a letter sent to Duffy's attorney that may have misled Duffy as to Schwab's intentions." *Id.* It is thus distinguishable on that point, as [*14] Queentex did not make any communication designed to mislead before filing suit.

In similar vein, Sara Lee cites *Mission Ins.* for that court's declination to exercise jurisdiction in the first-filed action because it was filed in anticipation of an expected action. *706 F.2d at 602.* In *Mission Ins*, however, the court dismissed plaintiff's claim because plaintiff caused defendant to delay filing suit by representing that plaintiff was considering the merits of the claim. *49 U.S.P.Q.2D (BNA) at 1864.* Again, here the record is bereft of any such assurances by Queentex.

In two additional cases cited by Sara Lee, *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc., 987 F. Supp. 317 (D.N.J. 1997)* and *Heatron, Inc. v. Shackelford, 898 F. Supp. 1491 (D. Kan. 1995),* both courts repudiated plaintiff's choice, but only after finding an admission of anticipatory filing. *See One World, 987 F. Supp. at 329* (finding "Gulf Coast admits in its brief, as it must, that it filed its declaratory judgment action in anticipation of One World's infringement action in New Jersey"); *see also Heatron, 898 F. Supp. at 1495* [*15] (finding "Shackelford as much as admits that the suit in Oklahoma was filed in anticipation of Heatrons suit.")

While Sara Lee's letter is one factor this Court takes into consideration in determining whether the California action was filed in anticipation of the North Carolina action, a cease and desist letter itself is not dispositive unless it provides "specific, concrete indications that a suit by Defendant was imminent." *See Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994)* (Whyte, J.); *see also Amerada Petroleum Corp. v. Marshall, 381 F.2d 661, 663 (5th Cir. 1967).* In *Guthy-Renker*, for example, defendant alleged that plaintiff's declaratory judgment action was brought pursuant to defendant's "notice of suit" letter. *179 F.R.D. at 271.* There, the letter expressly stated that it was giving notice of the potential patent infringements in an attempt to avoid litigation. The court found that "[defendant's] letter neither provided nor intended to provide plaintiff with a specific, concrete indication of imminent suit." *Id. at 272.*

The letter at issue here commands a different result. Sara Lee's letter [*16] of October 21, 1999 provides, "We are directing this correspondence in the hope that this matter may be resolved amicably. L'EGGS products is willing to forego legal action to enforce its rights only if we receive prompt written assurances that Royal Queentex will immediately discontinue all use of any name containing the word 'LEG' or 'LEGS'." Sara Lee's letter was an invitation to settle the matter amicably, yet clearly intimated legal action if this effort was not quickly fruitful. In Sara Lee's motion, it admits that Royal Queentex spurned Sara Lee's offer to negotiate an amicable settlement by filing this action. (Motion, 11: 22-23). Sara Lee represented to the Court at oral argument that Michael Tsai admitted in his declaration that he understood the letter to constitute a threat of imminent suit. This allegation, however, is mistaken. It appears Sara Lee's counsel mistakenly credited Michael Tsai for statements contained in the declaration of Nolan Williams. This Court finds that Sara Lee's letter constituted specific, concrete indications of a legal dispute, but not specific, concrete indications that suit was imminent, and thus, under *Seattle Audubon* properly provided [*17] a basis for a declaratory judgment.

Therefore, Royal Queentex's choice of forum will be accorded proper deference as this Court turns to the analysis of whether the balance of inconveniences substantially weighs in favor of transfer.

### B. Convenience of Parties

It is clear that it will be inconvenient for Sara Lee to litigate this matter in this judicial district. By the same token, it would be at least equally inconvenient for Royal Queentex to litigate this matter in the Middle District of North Carolina. For the reasons stated herein, Sara Lee has not met its burden of establishing the balance of inconveniences weighs highly in favor of transfer.

Sara Lee has pointed out that its corporate hosiery headquarters are over 2500 miles away in North Carolina. Its senior officers are in North Carolina; all relevant documents and records are located there as well. Additionally, Sara Lee has claimed that it would be more convenient for Night Dreams and Priscilla's, the other two parties to the North Carolina action, were this case was transferred to North Carolina for consolidated proceedings.

On the other end of the scale, Royal Queentex would surely be inconvenienced if it had [*18] to try this case in the Middle District of North Carolina. If forced to travel to North Carolina, Tsai asserts that he would have to shut down the business during the trial. Royal Queentex, a company with eight employees, would suffer a much greater financial burden than Sara Lee if forced to litigate on the other side of the country. To the extent Sara Lee would be better able to bear the travel costs, this factor weighs against transfer. *Kingsepp v. Kmart Corp., 1997 U.S. Dist. LEXIS 21680, 1997 WL 269582* at *2 (E.D.N.Y. 1997); *see also Dwyer v. General Motors Corp., 853 F. Supp. 690, 693* (finding a court may also consider the relative means of the parties in deciding a transfer motion.)

C. Convenience of the Witnesses

One of the most important factors in determining whether to grant a motion to transfer venue is the convenience of the witnesses. *See Jarvis v. Marietta Corp., 1999 U.S. Dist. LEXIS 12659*, *6, No. C 98-4951 MJJ (N.D. Cal. 1999). To demonstrate inconvenience, the moving party "should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action . . . The Court [*19] will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony." *Steelcase, Inc. v. Haworth, 41 U.S.P.Q.2D (BNA) 1468, 1470 (C.D. Cal. 1996)*. In balancing the convenience of the witnesses, primary consideration is given to third party, as opposed to employee witnesses. *Jarvis* at *5. In sum, Sara Lee must provide information as to the identity and location of its third party witnesses, the content of their testimony, and indicate why their testimony is relevant to this case. *Id.* citing *Steelcase, 41 U.S.P.Q.2D (BNA) at 1470*.

This Court finds Sara Lee has made an inadequate record under *Steelcase* in failing to specify its third party witnesses by identity, location, and testimonial content. Sara Lee has additionally failed in many other respects to provide the necessary showing of inconvenience to warrant transfer of this case. First, while Sara Lee has generally identified twelve third-party witnesses, [3] the companies or firms they work for, and the general subject matter of their testimony; Sara Lee has not explained specifically who the inconvenienced witnesses will be, what their [*20] specific testimony will be, and how that testimony will be relevant to this case. *Steelcase, 41 U.S.P.Q.2D (BNA) at 1470*. Therefore, it is difficult to evaluate the role of these witnesses and realize the impact of a venue change on their function. *See E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994)*.

  3 Many of them are described only generally as corporate representatives who will testify on some general subject matter.

Second, five of the witnesses identified are not even located in North Carolina. For example, Millward Brown is located in Connecticut; NPD and Ink are both located in New York; QLM is located in Georgia; and DDB is located in Chicago, and beyond the compulsory process of either relevant forum. Sara Lee assets that because these witnesses are located on the east coast, they would be inconvenienced if forced to travel to the west coast. This argument is unpersuasive. Traveling to another state for any of these parties for the purpose of attending [*21] trial is inconvenient and burdensome. These witnesses will be inconvenienced whether they must travel to North Carolina or California. Third, Sara Lee does not even assert that their witnesses would be unable to travel to California to defend suit here. *See Cochran v. NYP Holdings, Inc., 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998)*. In sum, either Royal Queentex and its witnesses will have to travel to North Carolina or Sara Lee and its witnesses will have to travel to California. Where transfer would merely "shift" the inconvenience from one party to another, it should not be granted. *Id.; see also Arrow Electronics, Inc. v. Ducommun Inc., 724 F. Supp. 264, 266 (S.D.N.Y. 1989)*.

D. Ease of Access to Evidence

Absent any other grounds for transfer, the fact that records are located in a particular district is not itself sufficient to support a motion for transfer. *See STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988)*. If this case remains in the Northern District of California, Sara Lee will likely have to ship documents; however, if this case is transferred to the Middle District of North Carolina, Royal Queentex [*22] will have to do the same. This factor, thus, does not weigh heavily for or against transfer.

IV. Interests of Justice

A. Familiarity of Each Forum with the Applicable Law

Case 3:07-cv-04296-MJJ   Document 35-4   Filed 11/27/2007   Page 7 of 7

Page 6
2000 U.S. Dist. LEXIS 10139, *

This factor does not weigh heavily in favor of transfer. While the Middle District of North Carolina has a greater familiarity with North Carolina law, Sara Lee's counter-complaint is not limited to infringement and dilution of the L'EGGS mark in the state of North Carolina. Sara Lee's claims include a cause of action for Royal Queentex's activities in "other states" where Royal Queentex sells LEGS AVENUE products. More than thirty percent of Royal Queentex's sales are in California, while six percent of its sales are in Texas. The California judiciary is equally as capable of handling claims governed by Texas and North Carolina law as North Carolina's judiciary would be in handling claims governed by Texas and California law. Thus, this factor does not weigh heavily in favor of transfer.

### B. Feasibility of Consolidation of Other Claims

Transfer is favored where it will allow consolidation with another pending action and conserve judicial resources. *See Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 483 (D. Del. 1987).* [*23] Sara Lee correctly points out that there are two pending actions which could be consolidated. However, in the North Carolina action, the two additional defendants are Night Dreams of North Carolina, Inc. and Priscilla's of Greensboro, Inc. The status of these two additional parties to the North Carolina action has been the subject of dispute among the parties. Prior to filing suit against Night Dreams and Priscilla's, Sara Lee was informed that both would discontinue sales of Leg Avenue products until the dispute between Sara Lee and Royal Queentex was resolved. Nonetheless, Sara Lee filed suit against both parties in North Carolina. Royal Queentex argues that the timing of the second suit, in any event, is suggestive of the conclusion that it was instituted with an eye towards supporting this motion to transfer venue and in thwarting transfer of the North Carolina action to this forum. Notwithstanding Royal Queentex' assertion, the principal parties in both actions are Sara Lee and Royal Queentex. If transfer were warranted, it should occur in conformity with the first-to-file rule. *See Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 623 (9th Cir. 1991).*

[*24] ### C. Local Interest in the Controversy

The Court finds that both California and North Carolina have significant interests in this controversy. Sara Lee conducts significant business in North Carolina. Its hosiery division is based there. However, Royal Queentex's sales in this state were approximately $ 1.98 million dollars in 1999. As the state with the most allegedly infringing sales, California also has a significant interest in the resolution of this dispute. *See SRAM Corp. v. Sunrace Roots Enterprise Co., Ltd., 953 F. Supp. 257, 259 (N.D. Ill. 1997).* Therefore, this factor does not tip in Sara Lee's favor.

### D. Relative Court Congestion

Relative court congestion is at best, a minor factor in the *section 1404* calculus. "Docket congestion is not given much weight in a § (1404)(a) consideration." *IMS Health, Inc. v. Vality Technology, Inc., 59 F. Supp. 2d 454, 471 (E.D. Pa. 1999).* Nonetheless, Sara Lee correctly points out that the caseload in this District is heavy. In the Middle District of North Carolina, according to the Judicial Caseload Profiles, published by the Statistical Office of the Administrative Office of the United States [*25] Courts, the median time from filing to trial is sixteen months. Here, the median time from filing to trial is twenty-two months. Thus, in this one respect, the Middle District of North Carolina would be a slightly more convenient forum. However, this factor alone cannot control the overall balance of this Court's decision on Sara Lee's motion to transfer. *Id.*

### CONCLUSION

The Court finds that Sara Lee has failed to meet its burden under *section 1404* of establishing that the balance of inconveniences weighs heavily in favor of transfer to the Middle District of North Carolina. The motion to transfer venue is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: 3/1/2000

MARTIN J. JENKINS

UNITED STATES DISTRICT JUDGE