# EXHIBIT E

Not Reported in F.Supp.  
Not Reported in F.Supp., 1986 WL 13358 (N.D.Cal.), 1986-2 Trade Cases P 67,326  
**(Cite as: Not Reported in F.Supp.)**

Page 1

U.S. v. Syufy Enterprises  
N.D.Cal.,1986.

United States District Court, N.D. California.  
UNITED STATES  
v.  
SYUFY ENTERPRISES, and Raymond J. Syufy.  
**No. C-86-3057 WHO.**

Oct. 17, 1986.

Memorandum Opinion and Order  
ORRICK, District Judge.

*1 Defendants, Syufy Enterprises and Raymond J. Syufy, filed a motion for change of venue to the Central District of California for their defense of an antitrust action filed by the United States, claiming that venue is proper in the Central District of California and that the convenience of the parties and witnesses, and the interest of justice support the transfer of this action to that district. The government opposes the motion and argues that venue is proper in this Court.

I

[*Government Suit*]

Contending that defendants' systematically eliminated their three principal competitors in first-run motion picture exhibition in Las Vegas, the government brought this action under § 2 of the Sherman Act, 15 U.S.C. § 2, and § 7 of the Clayton Act, 15 U.S.C. § 18, to restore effective competition to that market.

The violations complained of involve the monopolization of first-run movie exhibitions in Las Vegas. Specifically, the complaint points to three acquisitions of first-run movie theatres by defendants. In addition, the complaint alleges that defendants threatened economic harm to competitors.

Defendants have their headquarters in San Francisco, no more than three blocks away from the federal court. The United States has an Antitrust Field Office in San Francisco. There is not another field office in the Western United States.

The transactions complained of appear to have taken place in San Francisco, Las Vegas, and Los Angeles. Consistent with this, witnesses concerning the transactions can be found in all three areas.

Defendants have been involved in two private antitrust actions in the Central District. The first action, *Orion Pictures Distribution v. Syufy Enterprises,* No. 84-8566 TJH, was tried before a jury and Judge Terry J. Hatter. Judge Hatter directed a verdict in favor of the defendants. The second action, before the Judge Irvin Hill, is *Roberts Co. v. Syufy Enterprises,* No. 84-9399 IH. On June 30, 1986, Judge Hill granted plaintiff's motion to stay the case pending the outcome and/or transfer of the case. The defendants opposed the motion and, in addition, successfully opposed an earlier motion to relate the *Roberts* and *Orion* cases. In both oppositions, the defendants consistently pointed to the differing transactions, legal theories, and defenses among the three actions.

II

[*Venue*]

The antitrust venue statute, 15 U.S.C. § 22, makes venue proper in any district where defendants are located, found, or transact business. Defendant has the burden of showing that the Northern District of California is an inappropriate forum. *Commodity Futures Trading Commission v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). Plaintiff's choice of forum is given "substantial weight." *Northern Acceptance Trust 1065 v. Gray,* 423 F.2d 653, 654 (9th Cir.1970). In addition, due to the liberal venue statute for antitrust actions, "defendant's burden on a transfer motion is said to be especially heavy in antitrust suits, where plaintiff's choice of forum is entitled to particular respect." *Los Angeles Memorial Coliseum Commission v. National Football League,* 89 F.R.D. 497, 500 (C.D.Cal.1981), aff'd [1984-1 Trade Cases ¶ 65,879], 726 F.2d 1831 (9th Cir.1984). Accord *Pacific Car & Foundry Co. v. Pence* [1968 Trade Cases ¶ 72,614],403 F.2d 949, 953-54 (9th Cir.1968).

*2 The basic factors to be considered in determining whether to transfer venue under 28 U.S.C. § 1404(a)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ    Document 35-6    Filed 11/27/2007    Page 3 of 4

Not Reported in F.Supp.
Not Reported in F.Supp., 1986 WL 13358 (N.D.Cal.), 1986-2 Trade Cases P 67,326
(Cite as: Not Reported in F.Supp.)

Page 2

are: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. _Los Angeles Memorial Coliseum_, 89 F.R.D. at 499; _Kasey v. Molybdenum Corp. of America_, 408 F.2d 16, 20 (9th Cir.1969).

### III

### [*Defendant's Burden*]

As a threshold matter, in accordance with the liberal venue standards of 15 U.S.C. § 22, venue is appropriate in either the Northern or Central District of California. Defendants have their main place of business in the Northern District and transact business in the Central District.

Furthermore, an application of the facts to the transfer standards supports the maintenance of venue in the Northern District. Defendants fail to meet the "especially heavy" burden necessary to prompt the transfer of an antitrust case. In addition, venue in this Court better serves the convenience of the parties, equally serves the convenience of the witnesses, and furthers judicial efficiency.

Defendants have their executive offices and maintain their books and records in San Francisco. Although defendants offer to "willingly suffer" inconvenience as a price for obtaining transfer, the convenience of a court three blocks from defendants' home office is obvious. In addition, this district houses the only Antitrust Field Office in the Western United States. Thus, plaintiff's convenience is also far better served in this district. See _United States v. United States Steel Corp._, 233 F.Supp. 154, 160 (S.D.N.Y.1964) (antitrust field office in district weighing against transfer of criminal case).

The witnesses pertinent to this action can be found in Las Vegas, the San Francisco Bay Area, and Los Angeles. Although defendants contend that most of the witnesses pertinent to the defense are located in Los Angeles, many of the witnesses, including defendants' own employees, are located in the Northern District. Furthermore, the Las Vegas witnesses are equally served by either district.

Defendants argue that the interest of justice requires a transfer because "the same facts and issues * * * have been raised and adjudicated in two separate actions now pending in the Central District." Defendants go on to say that in the interest of "judicial economy and fairness" it would be "appropriate" to transfer this matter to Judge Hill or Judge Hatter in the Central District. Defendants' burden, however, is not merely to suggest that a change of venue might be appropriate, but to make a convincing showing of a right to transfer. See _Pacific Car_, 403 F.2d at 953. Defendants do not satisfy this burden.

Only the _Roberts_ case remains to be tried in the Central District, and it differs markedly from the government action. _Roberts_ charges a conspiracy between defendants and motion picture distributors; the government does not. The government charges a violation of the Clayton Act; _Roberts_ does not. The government seeks to acquire approval of future theatre acquisitions, and seeks divestiture, which _Roberts_ does not and cannot seek.

\*3 Plaintiff points to defendants' past, adamant claims that the _Roberts, Orion,_ and government cases are not related. In the Central District, defendants opposed a motion to consolidate the _Roberts_ and _Orion_ cases and opposed a motion to stay the _Orion_ case pending the resolution of the government claim against defendants. In both situations, the defendants pointed to the dissimilar transactions, legal theories, and defenses among the three cases. For defendants now to assert a similarity between the cases leads to an inference of forum shopping. This is not the purpose of the rule. Transfer of venue is not a "forum shopping instrument." See _Van Dusen v. Barrack_, 376 U.S. 612, 636 (1964). Any effort to transfer a case to obtain a specific ruling of another district court is "disfavored." _Howell v. Tanner_, 650 F.2d 610, 616 (5th Cir.1981).

In addition, defendants' reliance on _Pacific Car_, 403 F.2d 949 (9th Cir.1968), is misplaced. _Pacific Car_ was an antitrust case in which a transfer of venue was granted the defendant. In _Pacific Car,_ however, the Court held that a transfer was appropriate where defendants had no contact with the district and "made a strong showing of inconvenience." In addition, the plaintiff in _Pacific Car_ made no showing of convenience. This is not the situation here. Both defendants and plaintiff have contact with this district. Plaintiff has made a clear showing of convenience and defendants, with their home office in this district, have not made a strong showing of inconvenience.

### IV

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1986 WL 13358 (N.D.Cal.), 1986-2 Trade Cases P 67,326
**(Cite as: Not Reported in F.Supp.)**

[*Conclusion*]

In conclusion, defendants fail to meet the "especially heavy" burden necessary to prompt the transfer of an antitrust case. In addition, venue in this Court better serves the convenience of the parties, equally serves the convenience of the witnesses, and furthers judicial efficiency. Accordingly,

It Is Hereby Ordered that:

1. Defendants' motion for a transfer of venue to the Central District of California is Denied.

2. A status conference will be held Thursday, November 6, 1986, at 2:00 p.m.

N.D.Cal.,1986.
U.S. v. Syufy Enterprises
Not Reported in F.Supp., 1986 WL 13358 (N.D.Cal.), 1986-2 Trade Cases P 67,326

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.