# EXHIBIT G

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

CWireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.
N.D.Cal.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
WIRELESS CONSUMERS ALLIANCE, INC., on behalf of the general public, Plaintiff,
v.
T-MOBILE USA, INC., a foreign corporation, and John Does 1 through XX, inclusive, Defendant.
No. C 03-3711 MHP.

Oct. 14, 2003.

Suit was brought against wireless telecommunications provider, alleging commission of unlawful business practices in violation of California Business and Professions Code. Provider moved for transfer to Central District of California. The District Court, Patel, Chief Judge, held that case would be transferred, due to earlier decision in Central District remanding identical case to arbitration.

Case transferred.
West Headnotes
**Federal Courts 170B ☞110**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk106 Determination in Particular Transferable Actions
                      170Bk110 k. Patents, Copyrights and Trade Regulation. Most Cited Cases

**Federal Courts 170B ☞133**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)3 To What District Action May Be Transferred
                170Bk133 k. Particular Determinations. Most Cited Cases
Suit against wireless telecommunications provider, alleging unlawful business practices under California Business and Professions Code, would be transferred from Northern District of California to Central District, in interest of justice; identical suit had been brought in Central District, resulting in remand for arbitration, and allowing present suit to continue in Northern District would reward forum shopping. 28 U.S.C.A. § 1404(a).

Anthony A. Ferrigno, Law Offices of Anthny A. Ferrigno, San Clemente, CA, J. David Franklin, Franklin & Franklin, San Diego, CA, for plaintiff.
Thomas S. Hixson, San Christopher B. Hockett, Bingham McCutchen LLP, Francisco, CA, Corynne McSherry for defendant.

*MEMORANDUM AND ORDER*
PATEL, Chief J.
*1 Plaintiff, Wireless Consumers Alliance ("WCA"), brought this action on behalf of the general public against defendant T-Mobile, alleging unlawful business practices under the California Business and Professions Code and seeking restitution and injunctive relief. Now before the court is defendant T-Mobile's motion to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Having considered the submissions and arguments of the parties, and for the reasons set forth below, the court grants defendant's motion to transfer venue.

*BACKGROUND*[FN1]

    FN1. Except as otherwise indicated, all facts in this section are taken from undisputed portions of the complaint.

Plaintiff WCA is a nonprofit group based in Del Mar, California. (Hixson Decl. Exs. B & C.) It has never been a T-Mobile service subscriber, but brings this action on behalf of the general subscribing public. Defendant T-Mobile is a foreign corporation and an authorized provider of wireless telephone service in California. (Venezia Decl. ¶¶ 3, 5.) In its routine business practice, T-Mobile requires prospective subscribers to sign a standard Customer Service Agreement (CSA). T-Mobile made CSAs with customers and advertised its products and services throughout California. (Venezia Decl. ¶¶ 3, 4; Compl. ¶¶ 36, 39.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ    Document 35-8    Filed 11/27/2007    Page 3 of 7

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff took issue with several aspects of the CSA, including the mandatory arbitration provision, the terms of subscription and cancellation, and the disclaimer of warranties. Alleging violation of the California Civil Code and the Business and Professions Code, plaintiff instituted the instant action in Alameda County Superior Court. Defendant subsequently removed the case to this court on August 8, 2003.

This is however not the first time its subscribers have sued T-Mobile. On December 18, 2002, T-Mobile subscribers Gatton and Samko lodged a similar suit on behalf of themselves and other T-Mobile subscribers in Orange County Superior Court, which was subsequently removed to the Central District of California. See *Gatton v. T-Mobile USA, Inc.,* No. 02CC18695 (Orange County, filed Dec. 18, 2002). This earlier suit alleged the same violations. *See id.* On April 18, 2003, Judge Carter granted T-Mobile's motion to stay the action and compel arbitration and denied the request to remand. *Gatton v. T-Mobile USA, Inc.,* 2003 WL 21530185, at *8-9, *13 (C.D.Cal.2003). In response to this adverse ruling, the *Gatton* plaintiffs dismissed all claims against T-Mobile on September 2, 2004. (Ferrigno Decl. Ex. A.)

T-Mobile now moves to transfer this case to the Central District of California.

*LEGAL STANDARD*

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "for the convenience of parties and witnesses [and] in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Straus Family Creamery v. Lyons,* 219 F. Supp 2d 1046, 1047 (N.D.Cal.2002) (Zimmerman, J.). The moving party bears the burden of showing that jurisdiction and proper venue would exist in the district to which a transfer is requested. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). The district court has broad discretion to consider case-specific circumstances. *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharm.,* 2002 U.S. Dist. LEXIS 22583, at *5 (N.D.Cal. Nov. 21, 2002) (Henderson, J.).

*2 District courts use a two-step analysis to determine whether a transfer is proper. Step one considers the threshold question of whether the case might have been brought in the forum to which the transfer is sought. See*Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985). If it concludes that the venue is proper in the transferee court, the district court then balances the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interest of justice. *See id.*

*DISCUSSION*

Defendant argues that trying this case in the Central District is both more convenient for the parties and witnesses and also serves the interest of justice. It asserts that the current action is *Gatton* in disguise, with the same plaintiffs and attorneys, challenging the same provisions of T-Mobile's CSA, and alleging verbatim violations of the same Business and Professions Codes. Defendant further suggests that plaintiff double-filed its case to evade adverse rulings by the Central District and to give *Gatton* another chance.

In its opposition to transfer, plaintiff argues that transfer is inappropriate because *Gatton* had different plaintiffs than this case. (Ferrigno Decl. ¶ 3.) Plaintiff asserts that the only connection between the *Gatton* plaintiffs and WCA is that they use the same attorneys.

Defendant replies that forum shopping is contrary to the interest of justice and the local rules of the district court, and that the dismissal of *Gatton* does not clear the way for plaintiff to shop for a new forum. Defendant also asserts that it is unnecessary to have a co-pending case in the Central District for the transfer to take place.

Although the courts of the Northern District and Central District are both appropriate venues and are equally convenient for defendant and the potential witnesses, plaintiff's interest in having the Northern District as a litigation forum is convincingly outweighed by the interest of justice in this case. Defendant therefore has met its heavy burden of persuading this court to transfer this case.

*I. The action might have been brought in the Central District*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ    Document 35-8    Filed 11/27/2007    Page 4 of 7

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

The transferee court must be a proper venue if an action is to be transferred there. A civil action, where federal jurisdiction is based on either diversity of citizenship or a federal question, may be brought in a district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. §§ 1391(a)(2), (b)(2).[FN2]

> FN2. In contrast, the venue of the transferor court is not important. An action filed in a federal district that is an improper venue can nevertheless be transferred to any other district where it could have been properly brought. 28 U.S.C. § 1406(a); *District No. 1, Pac. Coast Dist. v. Alaska,* 682 F.2d 797, 799 n. 3 (9th Cir.1982).

### A. *Jurisdiction of the Central District*

The parties do not dispute that the Central District of California has personal jurisdiction over defendant. Although not a resident of California, T-Mobile conducts business and made CSAs with customers throughout the state. (Venezia Decl. ¶¶ 3, 5.) Accordingly, defendant is subject to personal jurisdiction in any California district courts, including the Central District.

*3 The Central District applied the artful pleading doctrine and found subject matter jurisdiction based on a federal question in *Gatton.See Gatton,* 2003 WL 21530185, at *7-*9 (C.D.Cal. Apr.18, 2003). With its essentially identical allegation, this case will likewise find subject matter jurisdiction as well as personal jurisdiction there.

### B. *Venue*

The parties do not dispute that T-Mobile carried out extensive sales and advertising activities throughout California, including the Central District. They also agree that these activities gave rise to the claims of the instant case. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in the Central District. 28 U.S.C. § 1391(b).

Accordingly, this action might have been brought in the Central District.

### II. *Convenience and Interests of Justice*

Having decided that this case could have been brought in the Central District, the court must now perform a balancing test, weighing plaintiff's choice of forum against the convenience of defendant and the witnesses and the interests of justice. The combined consideration of justice and convenience weighs heavily in defendant's favor, overriding plaintiff's interest to freely choose a forum in this case.

### A. *Plaintiff's Choice of Forum*

Although not insurmountable, a plaintiff's choice of forum is afforded substantial weight in a court's ultimate balancing of the "preference accorded plaintiff's choice of forum against ... [defendant's] burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986). A plaintiff's choice, however, commands only minimal consideration if he does not reside in the district where he brought the suit, the operative facts have not occurred there and the forum has no particular interest in the parties or subject matter. *Allegiance Healthcare Corp. v. London Int'l Group,* 1998 U.S. Dist. LEXIS 8953, at *5 (N.D. Cal. June 17, 1998) (Conti, J.) (citing *Pac. Car and Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968)). Courts have also found that a plaintiff's choice of forum should receive little deference when he brings suit in a representative capacity, such as in the case of a class action or shareholder derivative suit. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987). Even then, the burden, albeit a lighter one, remains on the moving party to demonstrate that the combined concerns of convenience and the interest of justice are sufficiently strong to tip the balance in favor of the transfer. *Mayer v. Dev. Corp. Of Am.,* 396 F.Supp. 917, 932 n. 26 (D.Del.1975); *Gen. Instrument Corp. v. Mostek Corp.,* 417 F.Supp. 821, 822-23 (D.Del.1976).

Plaintiff WCA sues on behalf of all T-Mobile subscribers, including those who reside in the Northern District of California. Its choice of forum is entitled to little if any weight in the court's balancing test because the weight accorded a plaintiff's choice of forum is greatly reduced when he sues in a representative capacity. *SeeLou,* 834 F.2d at 739. Furthermore, where plaintiff's attorneys have initiated the same suit in another district, seeking the identical relief for other plaintiffs purportedly on behalf of the same interests, namely the general public of California, and where this plaintiff is based in Del

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ    Document 35-8    Filed 11/27/2007    Page 5 of 7

Not Reported in F.Supp.2d                                                                                                       Page 4
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Mar, California, which is not in this District, its choice of forum deserves minimum deference. As a result, this factor alone neither favors nor disfavors the transfer.

*4 Many other factors are considered in the balancing test for transfer, including the private interest of convenience and the forum's interest in the controversy and parties. _Gulf Oil Corp. v. Gilbert_, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1946). Plaintiff has successfully demonstrated that the events leading to this suit occurred throughout California, including the Northern District. The Northern District also clearly has an interest in this suit. Plaintiff's choice of the Northern District as its litigation forum therefore entitled to some deference, but not the substantial deference that would be accorded were there an absence of litigation history.

### B. *Convenience of the parties and witnesses*

Several factors inform the element of convenience, including: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process for unwilling witnesses and the cost of securing willing witnesses; 3) the practical problems that make a case easier or more difficult to try in a given forum; 4) the administrative difficulties flowing from court congestion; and 5) the local interest in the issue. _Decker Coal Co._, 805 F.2d at 843.

T-Mobile is an out-of-state defendant, having no greater connection to the Northern District than to any other districts in California. Therefore, the convenience of defendant does not favor transferring the case from the Northern District to the Central District.

T-Mobile argues that while its own convenience is unaffected whether or not the case is transferred, the Central District would in fact be more convenient for plaintiff because it is a resident of that district. Even assuming this assertion is accurate, the fact that the Central District is more convenient for plaintiff does not support defendant's position. Defendant cannot assert plaintiff's inconvenience in support of a motion to transfer under 28 U.S.C. § 1404(a)._Am. Can Co. v. Crown Cork & Seal Co._, 433 F.Supp. 333, 338 (E.D.Wis.1977). If plaintiff is willing to suffer the inconvenience and expense incurred by suing in a particular forum of his choice, his choice to do so is entirely his own concern. _Heiser v. United Airlines, Inc._, 167 F.Supp. 237, 237 (S.D.N.Y.1958). This argument is therefore unavailing to defendant.

There will be a need for witnesses if this case proceeds to arbitration or trial. Because T-Mobile provides wireless communications services throughout California, out-of-district witnesses must travel to where the proceedings take place regardless of which district is chosen. These witnesses as a group are therefore equally inconvenienced whether or not the case is transferred. Accordingly, this prong of the test does not weigh in favor of either litigant.

### C. *Interest of Justice*

The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and factors involving convenience of parties and witnesses are in fact subordinate. _Pratt v. Rowland_, 769 F.Supp. 1128, 1133 (N.D.Cal.1991) (Weigel, J.). One frequently mentioned element of the "interest of justice" is the desire to avoid multiple litigations based on a single transaction. _Ferens v. John Deere_, 494 U.S. 516, 531, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990); _Continental Grain Co. v. The FBL-585_, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Transfer is proper if a like action has been brought by the same plaintiff against the same defendant in another district, or another division of the same district. _SeeJacobson v. Hughes Aircraft_, 105 F.3d 1288, 1301 (9th Cir.1997), _reh'g. denied,_128 F.3d 1305 (1997) (transfer of a case to a judge who had previously heard a related case was proper); _see also_ _Alaskan Airline v. United States_, 399 F.Supp. 906, 910 (N.D.Cal.1975) (Hall, J.) (ordering all related cases transferred to the same district court where they can be consolidated to determine the issue of damage despite distinct plaintiffs)._Cf._ _Polychrome Corp. v. Minnesota Mining & Mfg. Co._, 259 F.Supp. 330, 333 (S.D.N.Y.1966) (pendency of another action involving same subject matter is immaterial where parties are not the same). All that is required is the possible consolidation of discovery or witness testimony, whereas actual consolidation of the cases is not necessary. _A.J. Indus., Inc. v. United States Dist. Court for Cent. Dist._, 503 F.2d 384, 389 (9th Cir.1974).[FN3]

> FN3. In fact, pendency of an intimately related case in proposed transferee district remains a strong reason for transfer even if it is improbable that cases would be consolidated due to more advanced status of

Case 3:07-cv-04296-MJJ    Document 35-8    Filed 11/27/2007    Page 6 of 7

Not Reported in F.Supp.2d                                                                                                  Page 5
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

the pending case. *Berg v. First American Bankshares, Inc.,* 576 F.Supp. 1239 (S.D.N.Y.1983).

*5 Another related "interest of justice" factor is the prevention of forum shopping. *Agha v. Secretary of Army,* 1990 U.S.App. LEXIS 21284, *2 n. 1 (9th Cir. Dec. 5, 1990); *see also United States v. Swan,* 1999 U.S. Dist. LEXIS 15287, at *10 n. 4 (N.D.Cal. Sept. 24, 1999) (Patel, J.). In fact, the transfer statute has a built-in mechanism to remedy the evils of forum shopping by giving little or no weight to the plaintiff's choice of forum away from home and without ties to the controversy. *See O'Hopp v. Contifinancial Corp.,* 88 F.Supp.2d 31, 35 (E.D.N.Y.2000) (holding that forum shopping clearly motivated the choice of filing the suit in the Eastern District because the case has far more connections to the Southern District than to the Eastern District; and that the need for consistency of rulings and trial coordination, as well as the interest of efficiency and justice, militate in favor of transfer); *see also Torres v. The S.S. Rosario,* 125 F.Supp. 496, 497 (S.D.N.Y.1954). Therefore, evidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of this prong and would often make the transfer of venue proper.

Here, while the convenience of the parties and witnesses does not tip the balance in favor of transferring this case to the Central District, the interest of justice does so powerfully.

1. *Conservation of judicial resources*

First, *Gatton* and the instant case have the same plaintiffs. Plaintiff's attorney asserted that the *Gatton* plaintiffs do not know the plaintiffs in this action. (Ferrigno Decl. ¶ 3.) However, the individual plaintiffs in *Gatton* sued on behalf of themselves and all other T-Mobile subscribers. The WCA here also sued on behalf of all T-Mobile subscribers. The court therefore agrees with defendant that these two cases have identical plaintiffs, namely all T-Mobile subscribers.

The court also agrees that this case and *Gatton* are intimately related, if not identical. Northern District of California Local Rule 3-12 defines cases as related "when [1] they concern substantially the same parties, property, transaction, event or question of law; and [2] it appears that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."N.D. CAL. R. 3-12. The complaints here are only immaterially different from those in *Gatton.* In fact, nearly all of the claims were copied verbatim from *Gatton.* Therefore, these two cases are so closely related that plaintiff's failure to file a Notice of Pendency of Other Action or Proceeding in this court violates Local Rule. N.D. CAL. R. 3-3(c).

*Gatton* is no longer pending in the Central District, and a trial consolidation is no longer possible. Nonetheless, it may still be proper to transfer this case because to do so would avoid the risk of conflicting rulings on preliminary issues such as federal jurisdiction and arbitrability of the claims under the CSA. It would also save judicial resources and serve the interest of justice.

*6 According to Central District Local Rule 83-1.2.1, Judge Carter, the presiding judge in *Gatton,* is almost guaranteed to receive this case if it is transferred to the Central District. Because Judge Carter can be expected to rule the same way as he did in *Gatton,* the risk of conflicting rulings on the same issues is minimal. In contrast, even if this court does eventually reach the same decision as Judge Carter did earlier, much time and effort would have been wasted in the course of rehearing and reestablishing the facts and circumstances of this case and issuing a new opinion to reiterate what Judge Carter had already stated.

2. *Discouraging forum shopping*

Further, the court is convinced that plaintiff is attempting to forum shop. Dismissal, followed by the reinstitution of a case to avoid a particular judge or precedent, is exactly the kind of forum shopping anticipated and expressly prohibited by local rules of many districts. *See, e.g.,* N.D. CAL. R. 3-12(b); C.D. CAL. R. 83-1.2.1; D. AK.R. 40.2; W.D. AR. APPX. R. 40.1; D.C. COLO.CRIM. R. 50.1. Plaintiff here appears to have taken its forum shopping one step further, attempting to avoid the rigid local rules by filing for the same group of plaintiffs with differently named representatives. It apparently had hoped that the court would overlook the essentially identical *Gatton* case that was then pending in another district. It neglected to notify this court that the instant case has had a twin in the Central District as required by the Local Rules. N.D. CAL. R. 3-3(c). To avoid the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ   Document 35-8   Filed 11/27/2007   Page 7 of 7

Not Reported in F.Supp.2d                                                    Page 6
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

appearance of relatedness, plaintiff even made immaterial amendments to its complaint, further betraying its purpose to forum shop. While the balance of convenience is in equipoise, the interest of justice heavily favors transfer of venue in this case. Defendant has met the burden necessary to override plaintiff's choice of forum.

*CONCLUSION*

Accordingly, for the reasons stated above, the court GRANTS defendant's motion to transfer venue to the Central District of California.

IT IS SO ORDERED.

N.D.Cal.,2003.
Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.
Not Reported in F.Supp.2d, 2003 WL 22387598 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.