# EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 890862 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Hoefer v. U.S. Dept. of Commerce
N.D.Cal.,2000.
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
William D. HOEFER, et al., Plaintiffs,
v.
UNITED STATES DEPARTMENT OF COMMERCE, et al., Defendants.
No. C 00 0918 VRW.

June 28, 2000.

ORDER

WALKER, District J.

*1 Defendants move to transfer this case to the United States District Court for the District of Columbia pursuant to 28 USC 1404(a).

On January 1, 1993, pursuant to an agreement between the National Science Foundation (NSF) and Network Solutions, Inc, (NSI), NSI became the exclusive registrar for internet domain names. The agreement provided that NSF would compensate NSI on a flat fee basis to maintain and update the internet domain name registry. Under the agreement, NSF paid NSI roughly $1 million per year and applicants received domain name registration free of charge. On September 14, 1995, pursuant to an amendment to the agreement, NSI began charging domain name registrants a fee of $100 to register a domain name and $50 per year to maintain a name in the registry. The fee revenue was divided as follows: NSI retained 70% and placed the remaining 30% (the so-called "Preservation Assessment") into the Intellectual Infrastructure Fund, which Congress controls.

This case presents a challenge to this arrangement, but not the first. In *Thomas v. Network Solutions, Inc*, plaintiffs claimed, inter alia, that the Preservation Assessment was an illegal tax and sought an injunction against the collection of all fees for the registration and maintenance of domain names. 2 F Supp 2d 22, 28 (DDC 1998). In that case, the court held that the Preservation Assessment was not authorized by Congress and was, therefore, unconstitutional. See *id* at 38-39. In response, Congress ratified the Preservation Assessment. See *Thomas v. Network Solutions, Inc*, 176 F3d 500, 505-506 (DC Cir1999). This mooted the remaining claim and the district court dismissed the case. See *id* at 506. The court of appeals affirmed the decision. See *id* at 508.

On March 15, 2000, plaintiffs filed the instant class action complaint alleging eight claims. Plaintiffs contend that the registration fees charged by NSI constitute illegal taxes, violate federal statutes, and are unconstitutional takings without due process. Compl, counts I, III, V, and VI. Plaintiffs also challenge NSI's decision to discard the demarcation between top level domain names ".com," ".net" and ".org" as an illegal tax, unconstitutional under due process, and a violation of federal antitrust law. Compl, counts II, IV, and VII. Finally, plaintiffs allege that both the registration fees and the elimination of top level domain name demarcation violate the California Unfair Competition Act. Compl, count VIII.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 USC § 1404(a). There is no dispute that this action could have been brought in the District of Columbia. The appropriateness of transfer, therefore, depends on the convenience of the parties and witnesses and the interests of justice. See *Royal Queentex Enterprises Inc v Sara Lee Corp*, 2000 WL 246599, *2 (ND Cal, March 1, 2000). Several factors are relevant: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy and (8) the relative court congestion and time of trial in each forum. See *id*. The court considers these factors in turn.

*2 Plaintiffs claim that their choice of forum should be given substantial weight. Little deference, however, is given to a plaintiff's choice of forum in a action brought on behalf of a nationwide class. See *Williams v. Sears Roebuck & Co*, 1998 WL 61307, *1 (ND Cal, Jan 29, 1998). Where there are hundreds of potential plaintiffs, "all of whom could with equal show of right, go into their many home courts, the claim of any one plaintiff that a forum is appropriate

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

merely because it is his home forum is considerably weakened." *Koster v (American) Lumbermens Mut Cas Co,* 330 U.S. 518, 524 (1947). This case is a purported class action. The members of the purported class are numerous and are located throughout the nation. The plaintiffs' choice of forum, therefore, is not given substantial weight when determining whether a transfer of venue is proper.

With respect to convenience of the parties, a forum in the District of Columbia is more convenient. Only one named plaintiff resides in California. Meanwhile, three named plaintiffs and all of the defendants are located in the Washington, DC, area.

Plaintiffs advance several arguments to tie a significant portion of witnesses and evidence to California: (1) Science Applications International Corporation (SAIC), NSI's parent company, is headquartered in California; (2) many non-party witnesses are located in California, including panel members who recommended domain name registration fees, former officials of Internet Assigned Numbers Authority (IANA) who formulated and implemented Internet protocols until 1997, and officers of the Internet Corporation for Assigned Names and Numbers (ICANN), the corporation charged with privatizing the domain name registration process; (3) the InterNIC panel that recommended that NSI begin charging for registration was convened in California; (4) the pending merger with Verisign, a California corporation, will make NSI a wholly owned subsidiary; (5) plaintiff's expert witness, Ellen Rony, resides in California.

Defendants, however, persuasively counter these claims and present strong evidence that witnesses and evidence are more accessible in the District of Columbia. Defendants claim that SAIC, the corporation to which NSI is a subsidiary, negotiated the agreement to institute a registration charge, but the officers and personnel who were involved in the negotiations are located near Washington, DC. Defendants further claim that the InterNIC panel that recommended NSI begin charging for domain name registration met at NSF's headquarters in Washington, DC, and that the records of the panel are not in California. Furthermore, because all three defendants have headquarters or principal offices in the Washington, DC, area, crucial witnesses are easily accessible if the action is litigated in the District of Columbia.

Defendants rebut plaintiffs' other assertions that California is a more convenient forum. Defendants point out that ICANN, the corporation charged with privatizing the domain name registration process, did not even exist when NSI initiated registration fees or when top-level domain names were demarcated. Defendants also contend that IANA refers to functions performed by an individual, Dr Jon Postel, now deceased. Finally, defendants contend that Verisign, Inc, a California corporation, did not have any connection or involvement in the initiation of registration fees or the demarcation of top-level domain names.

*3 Upon consideration of these arguments, the court is persuaded that the most convenient venue for witnesses and access to evidence is the District of Columbia. This finding substantially supports the requested transfer.

With respect to relative familiarity with applicable law, plaintiffs argue that venue is proper in this forum because the complaint includes a claim based on California law, with which this court is more familiar. But, when the gravamen of the case involves federal law, a state law claim is usually not a significant consideration on a motion to transfer venue. See *Blake Constr Co Inc v. International Harvester Co,* 521 F Supp 1268, 1273 (ND Ill 1981). In the present case, the majority of the claims are based on federal law. The presence of a supplemental state law claim does not weigh heavily against a finding that the District of Columbia is the most convenient forum.

The purpose of section 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. See *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Perhaps most compelling to the court's consideration of these factors is that plaintiffs' counsel previously instituted a lawsuit very similar to the case at bar in federal court in the District of Columbia. It would appear that to allow this case to proceed in the Northern District of California would entail a significant waste of time and energy and would involve duplicative effort by this court.

Litigation should proceed where the case finds its "center of gravity." See *Teknekron Software Sys, Inc*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04296-MJJ    Document 35-9    Filed 11/27/2007    Page 4 of 4

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2000 WL 890862 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

*v. Cornell Univ,* 1993 WL 215024, *7 (ND Cal, June 14, 1993). Because all of the defendants' key witnesses and documents are located in or near Washington, DC, that "center of gravity" would appear plainly to be the nation's capital. This, combined with considerations of judicial economy, persuade the court that transfer of venue pursuant to 28 USC § 1404(a) is appropriate. Defendants' motion is, therefore, GRANTED. All matters presently scheduled for hearing are VACATED and must be renoticed in the United States District Court for the District of Columbia. The clerk shall transmit the file to the clerk in that district pursuant to Civil LR 3-15.

IT IS SO ORDERED.

N.D.Cal.,2000.
Hoefer v. U.S. Dept. of Commerce
Not Reported in F.Supp.2d, 2000 WL 890862 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.