Joseph M. Alioto (CA Bar #42680)
ALIOTO LAW FIRM
555 California Street, Suite 3160
San Francisco, CA 94104
Telephone: 415-434-8900
Facsimile: 415-434-9200
Email: josephalioto@mac.com

Daniel R. Shulman, *Pro Hac Vice* (MN Bar #100651)
Jeremy L. Johnson, *Pro Hac Vice* (Pending) (MN Bar #328558)
GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
500 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-632-3335
Facsimile: 612-632-4335
Email: daniel.shulman@gpmlaw.com

Thomas P. Bleau (CA Bar #152945)
BLEAU, FOX & ASSOCIATES
3575 Cahuenga Blvd., West, Suite 580
Los Angeles, CA 90068
Telephone: 323-874-8613
Facsimile: 323-874-1234
Email: bleaushark@aol.com

Bradley K. Beasley, *Pro Hac Vice* (OK Bar #628)
BOESCHE MCDERMOTT LLP
610 S Main Ste 300
Tulsa, OK 74119-1258
Telephone: 918-583-1777
Facsimile: 918-592-5809
Email: bbeasley@bme-law.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE M. MADANI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHELL OIL COMPANY; CHEVRON CORPORATION; and SAUDI REFINING, INC., <br><br> Defendants. | Court File No. C 07-4296 MJJ <br><br> **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR TRANSFER OF VENUE** <br><br> Date: December 19, 2007 <br> Time: 9:30 a.m. <br> Judge: Martin J. Jenkins <br> Courtroom: 11, 19th Floor <br> 450 Golden Gate Avenue <br> San Francisco, CA 94102 |

Defendants have brought a motion to transfer this antitrust action to the Central District of California, where another action, *Dagher v. Saudi Refining, Inc.* was previously litigated against the same defendants. That action was *Dagher v. Saudi Refining, Inc.*, and was ultimately decided by the United States Supreme Court in *Texaco, Inc. v. Dagher*, 547 U.S. 1 (2006). In its decision, the Supreme Court held that certain conduct of the defendants could not be challenged under the *per se* or quick look rule of reason as violative of Section 1 of the Sherman Act, 15 U.S.C. § 1. Pursuant to the Supreme Court's decision, final judgment was entered in favor of the defendants in the *Dagher* case on November 15, 2006. In this antitrust action, filed in the Northern District of California on August 21, 2007, different plaintiffs challenged the conduct of the defendants as violative of the antitrust laws under different theories of liability. Because the theories of liability are different in this action, a number of the plaintiffs reside in the Northern District of California, defendant Chevron Corporation is located in this District, and the defendants have failed to overcome their heavy burden of showing that substantial deference should not be given to the plaintiffs' choice of forum, the Court denies the defendants' motion to transfer.

## BACKGROUND

On or about June 15, 1999, Fouad N. Dagher et al. filed suit against the defendants in the United States District Court for the Central District of California in case no. CV-99-06114 GHK (JWJx) ("the *Dagher* action"). That same day, the plaintiffs in the *Dagher* action filed a first amended complaint "on behalf of themselves and the approximately 23,000 Shell and Texaco branded dealers nationwide who operate or have operated Shell and Texaco branded marketing premises and franchises throughout the United States and who have purchased gasoline from Defendants MOTIVA ENTERPRISES, LLC and/or EQUILON ENTERPRISES LLC, or both, since January 1998 to the present time."[1] The claims asserted in the first amended complaint in the *Dagher* action were that the conduct of the defendants in forming Equilon and Motiva and causing them to charge the same prices for the Shell and

---

[1] Equilon and Motiva were originally named as defendants in the *Dagher* action, but were subsequently dismissed from the case.

Texaco brands of gasoline constituted price fixing in violation of Section 1 of the Sherman Act under the per se rule or the quick look rule of reason.

The *Dagher* action terminated on or about November 15, 2006, when the District Court received the mandate of the United States Court of Appeals for the Ninth Circuit affirming the District Court's grant of summary judgment for the defendants pursuant to a decision of the United States Supreme Court on February 28, 2006. *Texaco v. Dagher*, 547 U.S. 1 (2006). The District Court had granted summary judgment for defendant Saudi on May 21, 2002 and for defendants Shell and Texaco on August 13, 2002, but was reversed by the Ninth Circuit. *Dagher v. Saudi Refining, Inc.*, 369 F.3d 1108 (9th Cir. 2004).[2] The Supreme Court granted certiorari, reversed the Ninth Circuit, and remanded the case to the Ninth Circuit, which then affirmed the District Court and issued its mandate to the District Court, which entered its final judgment on November 15, 2006. Accordingly, the *Dagher* action was dormant in the District Court for four years and three months (August 13, 2002 – November 15, 2006) pending appellate review of the District Court's decision.

During the pendency of the *Dagher* action, although the plaintiffs asked the District Court for leave to file a motion for class certification, the Court declined to hear any class motion, and hence never entertained or ruled on a motion for class certification.

On August 21, 2007, plaintiffs filed this action on behalf of themselves and a class of persons similarly situated, approximately 25,000 Shell and Texaco branded dealers nationwide who operated or have operated Shell or Texaco branded marketing premises and franchises throughout the United States and who purchased gasoline from Equilon or Motiva from January 1998 to October 2001. Expressly excluded from the class are those dealers who were plaintiffs in the *Dagher* action. Four of the named plaintiffs are residents of this district. Lead counsel, Joseph M. Alioto, is a resident of San Francisco and maintains his law firm here, and defendant Chevron's headquarters and principal place of business are in San Ramon. Also, plaintiffs

---

[2] The Ninth Circuit, however, affirmed the District Court's summary judgment in favor of defendant Saudi. This aspect of the Ninth Circuit's decision was not reviewed by the Supreme Court.

specifically allege that defendants fixed the prices of gasoline in San Francisco during the relevant period. (Compl., ¶ 104.)

In their complaint, plaintiffs contend that the formation of Equilon and Motiva violated Section 7 of the Clayton Act, and that the defendants' agreement to fix the price of Shell and Texaco gasoline sold by Equilon and Motiva violated Section 1 of the Sherman Act under the full rule of reason.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To transfer an action under section 1404, the Court must make two findings: (1) that the transferee district is one in which the action might have been brought, and (2) that a transfer would be convenient and in the interest of justice. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

To meet the "might have been brought" requirement, the transferee court must have personal jurisdiction over the defendants and subject matter jurisdiction over plaintiffs' claims, and venue must be proper. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 91960). In determining whether a transfer is appropriate, the relevant factors are (1) the interest of justice, including conservation of judicial resources and discouraging forum shopping, (2) the plaintiff's choice of forum, and (3) the convenience of the parties and witnesses and access to evidence. *Wireless Consumers Alliance v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, *4-6 (N.D. Cal. Oct. 14, 2003). In adjudicating the motion, "[t]he district court has broad discretion to consider case-specific circumstances." *Id.* at *1. The court considering a motion to transfer must bear in mind, however, that a plaintiff's choice of venue "should not be lightly disturbed," and that a defendant's burden on a motion to transfer is "especially heavy in antitrust suits, where plaintiffs' choice of forum is entitled to particular respect." *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981).

# ANALYSIS

### A. Plaintiffs Might Have Brought This Action in the Central District.

The parties are in agreement that plaintiffs might have brought this action in the Central District. Defendants do not contest that they are subject to personal jurisdiction in California for purposes of this action. The district court has subject matter jurisdiction over plaintiffs' claims pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1337. Venue is proper in the Central District because defendants are deemed to reside in any district in which they are subject to personal jurisdiction. 28 U.S.C. § 1391(c).

### B. Defendants Have Failed to Overcome Their Heavy Burden of Showing That the Plaintiffs' Choice of Forum Should be Disregarded, or That Transfer to the Central District of California is in the Interest of Justice and Convenient.

It is clear that this action has a substantial connection with the Northern District of California, and that the plaintiffs' decision to file this action in this district is reasonable and does not partake or raise a suspicion of forum shopping. Four of the named plaintiffs reside in this district. Defendant Chevron Corporation has its headquarters and principal place of business in this district. Plaintiffs' principal attorney is located in this district. Injury to competition, consumers, and the plaintiffs' occurred in this district, inasmuch as the complaint specifically recites that the defendants unlawfully increased gasoline prices in this district as part and in furtherance of their conspiracy to violate Section 1 of the Sherman Act. All of these factors render this district a reasonable and logical situs for this action.

Nor is the Central District a more reasonable or convenient venue for this action. Although some of the named plaintiffs are resident in the Central District, none of the defendants is, and there has been no showing that any of the witnesses are located in the Central District. Although the *Dagher* action was litigated in the Central District, this fact does not support transfer of this action to the Central District. Because of the Supreme Court's decision, the claims in this action must be different from the claims asserted in the *Dagher* case. This action therefore has no legal issues in common with the *Dagher* action that would make transfer potentially advisable.

With regard to the commonality of issues of fact between this case and the *Dagher* action, this Court sees no reason why the parties cannot stipulate to the use in this case of the evidentiary record created in *Dagher* as if the record had been created here. In the event that the parties will not so stipulate, the Court is prepared to enter such an order. Thus, either by stipulation or by order, the evidentiary record in *Dagher* will be usable in this case, and there will be no need for any party to repeat any of the discovery already undertaken in *Dagher*. To the extent that the parties will have to develop additional evidence because of the different legal theories in this action, such evidence would have to be developed in any event, whether this action were in the Northern District or the Central District, and there is no saving of resources that would result from doing so in the Central District, rather than in this district.

Taking into account all of the various factors the Court should consider on a motion to transfer, the Court finds that none of the factors weighs heavily in favor of the defendants, and that the defendants have not overcome their heavy burden of showing that the Court should not give great weight to the plaintiffs' choice of forum, which, under the circumstances, is reasonable and devoid of any taint of forum shopping.

## CONCLUSION

Based on all of the foregoing considerations, this Court denies the motion of the defendants to transfer this action to the Central District of California.

Dated: _____

                                              MARTIN J. JENKINS
                                              United States District Judge

GP:2293410 v1