Robert A. Mittelstaedt (SBN 060359)
Craig E. Stewart (SBN 129530)
Peter E. Davids (SBN 229339)
Emily E. Booth (SBN 248008)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
ramittelstaedt@jonesday.com
cestewart@jonesday.com
pdavids@jonesday.com
ebooth@jonesday.com
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
CHEVRON CORPORATION

[Additional moving parties and counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MIKE M. MADANI, et al.,<br><br>　　　　Plaintiffs, on behalf of themselves and those similarly situated,<br><br>　　v.<br><br>SHELL OIL COMPANY; CHEVRON CORPORATION; and SAUDI REFINING, INC.,<br><br>　　　　Defendants. | **Case No. C 07-4296 MJJ**<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR TRANSFER OF VENUE**<br><br>**Date:** December 18, 2007<br>**Time:** 9:30 a.m.<br>**Dept.:** Courtroom 11, 19th Floor<br>**Judge:** Hon. Martin J. Jenkins |

SFI-574701v2

Reply Brief ISO Motion for Transfer of Venue – Case No. C 07-4296 MJJ

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. THE INTERESTS OF JUSTICE FAVOR TRANSFER. .....................................................2

III. PLAINTIFFS' CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE. ..................3

IV. THE CONVENIENCE FACTORS DO NOT WEIGH AGAINST TRANSFER. ................6

V. CONCLUSION......................................................................................................................6

# TABLE OF AUTHORITIES

Pages(s)

### Cases

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947) .................................................................................................. 5

*In re Funeral Consumers Antitrust Litig.*,
   No. C 05-01804 WHA, 2005 WL 2334362 (N.D. Cal. Sept. 23, 2005) ............................. 4

*Jakusz v. Union Pac. R.R. Co.*,
   No. C 05-4842 JSW, 2006 WL 563055 (N.D. Cal. Mar. 6, 2006) ...................................... 4

*London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.*,
   No. C 96-01512 CW, 1996 WL 479013 (N.D. Cal. Aug. 14, 1996) .................................. 6

*Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*,
   89 F.R.D. 497 (C.D. Cal. 1981) ......................................................................................... 4

*Samsung Elec. Co. v. Rambus, Inc.*,
   386 F. Supp. 2d 708 (E.D. Va. 2005) ................................................................................ 2

*Stewart v. AT & T Inc.*,
   No. C 06-7363 SI, 2007 WL 1031263 (N.D. Cal. Apr. 3, 2007) ........................................ 4

*United States v. Syufy Enterprises*,
   No. C-86-3057 WHO, 1986 WL 13358 (N.D. Cal. Oct. 17, 1986) .................................... 2

*Van Slyke v. Capital One Bank*,
   503 F. Supp. 2d 1353 (N.D. Cal. 2007) ........................................................................ 3, 5

*Williams v. Bowman*,
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............................................................................. 4

*Wireless Communications Alliance v. T-Mobile USA, Inc.*,
   No. C 03-3711 MHP, 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) .......................... 5, 6

1  I.  **<u>INTRODUCTION</u>**

2      Plaintiffs cannot seriously deny that the interests of justice and efficiency call for this case
3  to be transferred to the Central District. They do not dispute that, represented by the identical
4  group of counsel that filed *Dagher*, they are suing on behalf of the same class that was alleged in
5  *Dagher*. Nor do they deny that the threshold viability of their claims turns on what happened in
6  *Dagher*, including the effect of their counsel's express waiver in *Dagher* of the Rule of Reason
7  claim they now seek to assert. They also cannot deny that the ultimate merits of their claim
8  depend at least in part on the effect of the summary judgment ruling in *Dagher*. These
9  considerations by themselves are enough to support transfer.

10      Plaintiffs have no answer to this. They assert that their Rule of Reason claim is more
11  complicated and requires more proof than the *per se* claim in *Dagher*. But this does not diminish
12  the advantage Judge King has in already being familiar with the joint ventures at issue and with
13  his own prior rulings that will be at issue in this case. Plaintiffs themselves assert that the
14  underlying factual context "will be identical in the two actions." Opp. 9. Nor is there any basis
15  for plaintiffs' suggestion that Judge King likely does not remember *Dagher* anyway. He presided
16  over *Dagher* for more than three years and wrote lengthy decisions at both the motion to dismiss
17  and summary judgment stages. There is no reason to believe he has purged his memory of that
18  case so quickly.

19      Likewise, plaintiffs offer only makeweight reasons to rebut the strong indications of
20  forum shopping. They argue that their "lead" counsel lives in San Francisco. But Mr. Alioto was
21  also counsel in *Dagher* and chose to file that action in the Central District (and convenience of
22  counsel is not in any event a relevant consideration on a motion to transfer). They note that some
23  named plaintiffs reside in the Northern District, but cannot dispute that many more, including
24  lead plaintiff Mike Madani, reside in the Central District. The conclusion is inescapable that
25  plaintiffs sued in the Northern District, not for the reasons they give, but because they wanted to
26  avoid the judge who ruled against them in *Dagher*.

27      Ultimately, plaintiffs' argument reduces to the assertion that, because they elected to file
28  in this Court, that decision should be respected for that reason alone. But whatever merit that

position might have in the typical case in which the issue is simply which court is the most convenient, it is not enough in a case like this.  The interests of justice, including the interest of efficiently resolving cases that arise out of the same transaction and that have already consumed years of judicial resources, dictate that this case be resolved by the same judge who decided the first attempt by these same lawyers to recover damages for this same class.

## II.     THE INTERESTS OF JUSTICE FAVOR TRANSFER.

The core reason why transfer should be granted is the efficiency and conservation of resources that results from Judge King having already "committed judicial resources to the contested issues and [being] familiar with the facts of the case." *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005).  Plaintiffs' efforts to avoid this unavoidable fact are groundless.

They first argue that conservation of judicial resources occurs only when a transferred case can be consolidated with another pending case.  Opp. 6-7.  As shown in the moving papers, however, the case law is not so limited.  It recognizes the obvious:  that transfer also saves resources when, by virtue of having presided over an earlier related case, the transferee court is more familiar with the pertinent legal and factual issues.  *See* Mot. 7-8 (citing cases).  Plaintiffs try to distinguish these decisions by asserting that the lawsuits at issue there were sufficiently related "that it made sense to transfer them to the same district, where the same judge could dispose of them."  Opp. 7.  They thus concede that the relevant issue is not whether another action is currently pending elsewhere, but whether the transferee court is in a better position to resolve the issues.[1]

That is undeniably the case here.  Plaintiffs point to the different evidence required to prove their Rule of Reason claims, as contrasted with the *per se* claims at issue in *Dagher*.  Plaintiffs are certainly correct that they have a considerably more onerous burden in this case, that

---

[1]    Plaintiffs' reliance on *United States v. Syufy Enterprises*, No. C-86-3057 WHO, 1986 WL 13358 (N.D. Cal. Oct. 17, 1986), confirms this point.  The basis for the court's refusal to transfer venue there was that all three cases at issue were dissimilar.  1986 WL 13348, at *3.  Indeed, the defendants there had consistently opposed motions to relate the cases, and had "pointed to the dissimilar transactions, legal theories, and defenses among the three cases." *Id.* at *1, *3.

SFI-574701v2     - 2 -     Reply Brief ISO Motion for Transfer of Venue – Case No. C 07-4296 MJJ

will require them to adduce evidence beyond that which would have been sufficient to prove a *per se* claim. But that does nothing to diminish the advantage Judge King has growing out of having presided over *Dagher* for more than three years. Not only does his familiarity with the underlying facts put him in a better position to decide the Rule of Reason issues in this case (should the case get that far), but he is also better suited to decide the threshold questions whether the pendency of *Dagher* (in which the plaintiffs and these same counsel expressly waived any Rule of Reason claim) tolled the statute of limitations for this case and whether his prior ruling, as affirmed by the Supreme Court, effectively disposes of plaintiffs' Rule of Reason claim just as much as it did the *per se* claims in *Dagher*. Plaintiffs do not address these points.

Plaintiffs suggest that perhaps Judge King may not remember much about the case. Opp. 8. This is not only speculation, but baseless speculation. As noted, Judge King presided over *Dagher* for more than three years, through motions to dismiss, discovery motions, and motions for summary judgment. Indeed, his summary judgment decision was still on appeal to the Supreme Court just last year. Even if Judge King's memory of certain details has faded, his extensive background and knowledge of the case plainly give him an advantage over this Court in addressing the relevant factual and legal issues.

### III. PLAINTIFFS' CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE.

Plaintiffs contend that their choice of forum is entitled to deference and deny that they are engaged in forum shopping. Even if these assertions were true, that would not help plaintiffs, as transfer would still be proper given the conservation of judicial resources that would result from having this case decided by the same court that presided at length over *Dagher*. In fact, however, plaintiffs' deference and forum-shopping arguments are groundless.

There is no question that a plaintiff's choice of venue is entitled to diminished deference when a plaintiff purports to represent a class, and even less deference when (as here) that class is nationwide. See Mot. 10 (citing cases). The one case plaintiffs cite on this issue, *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1365 (N.D. Cal. 2007), confirms as much. The court there accorded only minimal deference to the plaintiffs' choice and it did so only in a context in

SFI-574701v2 - 3 - Reply Brief ISO Motion for Transfer of Venue – Case No. C 07-4296 MJJ

which the lead named plaintiff resided "within sight" of the courthouse where the suit was brought and no named plaintiffs resided in the proposed transferee district. Here, the lead named plaintiff resides in the Central District, as do the majority of the other named plaintiffs.[2]

Moreover, "[i]f there is *any indication* that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman,* 157 F. Supp. 2d 1103, 1116 (N.D. Cal. 2001) (emphasis added). Plaintiffs assert that forum-shopping cannot be found where a plaintiff has "legitimate and sufficient" reasons for suing in the forum. Opp. 1, 5. None of the cases they cite for this proposition, however, involved a plaintiff seeking to avoid a particular precedent from a particular judge. Moreover, the reasons plaintiffs advance (Opp. 6) for suing here rather than in the same court *Dagher* was filed are pretextual. They assert that one of their lawyers, Mr. Alioto, has his office here. That was equally true, however, when these same counsel filed *Dagher* in the Central District. Significantly, plaintiffs' papers opposing this motion (as well as the motion to dismiss) were signed by Mr. Shulman and filed and served from his office in Minneapolis, not by Mr. Alioto. Moreover, location of counsel is not relevant on a motion to transfer. *E.g., Stewart v. AT & T Inc.*, No. C 06-7363 SI, 2007 WL 1031263, at *3 (N.D. Cal. Apr. 3, 2007); *Jakusz v. Union Pac. R.R. Co.*, No. C 05-4842 JSW, 2006 WL 563055, at *2 (N.D. Cal. Mar. 6, 2006).

Plaintiffs next assert that four of the named plaintiffs reside in this district.[3] If anything, this *supports* a finding of forum-shopping, given that thirteen of the named plaintiffs reside in the Central District, including the lead plaintiff Mike Madani (who was also initially a plaintiff in *Dagher* and who has been a plaintiff in at least three other lawsuits in the Central District).

---

[2] Plaintiffs also suggest that an antitrust plaintiff's wide choice of venue entitles its choice to special deference. Opp. 3-4 (citing dicta in *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981) (noting that "the defendant's burden on a transfer motion *is said to be* especially heavy in antitrust suits" (emphasis added))). As this Court has recently noted, however, "[t]his is not the law." *In re Funeral Consumers Antitrust Litig.*, No. C 05-01804 WHA, 2005 WL 2334362, *7 (N.D. Cal. Sept. 23, 2005). Whether venue is proper and whether to transfer venue are separate inquiries. *Id.*

[3] In fact, only three of the twenty named plaintiffs reside here. Plaintiffs apparently get to four by counting named plaintiff "Stephen and Annie Schlabs" as two plaintiffs.

1       That leaves only plaintiffs' assertion that Chevron is headquartered in San Ramon, and
2  that fact certainly cannot be what drove plaintiffs to sue here.  The only credible explanation for
3  their decision to sue in a district other than the one in which *Dagher* was filed is a desire to avoid
4  the court that decided *Dagher* against them.  That is precisely the kind of forum-shopping that the
5  transfer statute exists to prevent.  *Wireless Communications Alliance v. T-Mobile USA, Inc.*, No.
6  C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003) ("evidence of plaintiff's
7  attempt to avoid a particular precedent from a particular judge weighs heavily in the context of
8  [the interests of justice] prong and would often make the transfer of venue proper").

9       Nor is there any merit to plaintiffs' argument that the case should be heard here because
10 San Francisco is one of the places defendants are alleged to have raised prices and "there is
11 therefore a local interest in keeping the action in this district."  Opp. 6.  In the one case relied on
12 by plaintiffs (Opp. 6), the court found a local interest in having the claims adjudicated by a
13 California court where California law governed plaintiffs' claims and where "certainly 100% of a
14 state-wide class for a Section 17200 claim would reside in California."  *Van Slyke*, 503 F. Supp.
15 2d at 1365; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947) (a local interest existed
16 where "not only the plaintiff, but every person who participated in the acts charged to be
17 negligent, resides in or near Lynchburg" and where "[t]he complaint alleges that defendant's
18 conduct violated Lynchburg ordinances").  This case is a far cry from one involving a local
19 controversy.  It is a putative nationwide class action (Compl. ¶¶ 1, 5), in which plaintiffs allege
20 that defendants violated federal antitrust law by combining their entire United States refining and
21 marketing assets into two joint ventures.  Compl. ¶¶ 33-34, 65.  The Northern District does not
22 have a unique local interest in this case.

23      Plaintiffs conclude this point by accusing defendants of forum shopping in seeking
24 transfer to Judge King.  It is not forum shopping, however, to seek to have a case assigned to a
25 judge who is already familiar with the underlying facts and legal issues by virtue of presiding
26 over a predecessor case.  Indeed, both this Court and the Central District have adopted "related
27 case" rules that are designed precisely to facilitate such assignments.  It is plaintiffs, not
28

1 defendants, who are seeking to circumvent that process by filing suit in a district court different
2 from the one in which their prior case was heard.

### IV. THE CONVENIENCE FACTORS DO NOT WEIGH AGAINST TRANSFER.

Finally, plaintiffs argue that defendants have not made a strong enough showing of inconvenience to upset their choice of forum. This is a red herring. Defendants' motion is based on the interests of justice, with convenience a secondary consideration. Mot. 11. As the court held in a decision relied on by plaintiffs (Opp. 4-5), "[t]he 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all the other factors point the other way." *London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.,* No. C 96-01512 CW, 1996 WL 479013, at *3 (N.D. Cal. Aug. 14, 1996); *see, e.g., Wireless Consumers Alliance*, 2003 WL 22387598 at *2 (transferring an action to the Central District even though the Northern District was "equally convenient"). Here, the convenience factors do not even "point the other way." Rather, they are either neutral or lean in favor of transfer.

### V. CONCLUSION

For the foregoing reasons, the motion to transfer venue to the Central District of California should be granted.

Dated: December 4, 2007                    JONES DAY


                                           By:   /S/ Craig E. Stewart
                                                 Craig E. Stewart

                                           Attorneys for Defendant CHEVRON CORPORATION

| | | |
|---|---|---|
| Dated: December 4, 2007 | | Bradley S. Phillips (SBN 85263)<br>Stuart N. Senator (SBN 148009)<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue<br>Los Angeles, CA  90071<br>Brad.Phillips@mto.com<br>Stuart.Senator@mto.com<br>Telephone:    (213) 683-9100<br>Facsimile:     (213) 687-3702 |

By:    /S/ Stuart N. Senator
        Stuart N. Senator

Attorneys for Defendant SHELL OIL COMPANY

Dated: December 4, 2007

Bryan A. Merryman (SBN 134357)
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
bmerryman@whitecase.com
Telephone:    (213) 620-7700
Facsimile:     (213) 452-2329

By:    /S/ Bryan A. Merryman
        Bryan A. Merryman

Attorneys for Defendant SAUDI REFINING, INC.

**Filer's Attestation:**  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from each of its signatories.

Dated: December 4, 2007

        /S/ Craig E. Stewart
        Craig E. Stewart