IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE M. MADANI, | No. C07-04296 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER OF VENUE** |
| v. | |
| SHELL OIL COMPANY, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendants' Joint Motion For Transfer Of Venue. (Docket No. 23.) For the following reasons, the Court **GRANTS** the Motion.[1]

## FACTUAL BACKGROUND

In this action, twenty named plaintiffs seek to represent a class of persons similarly situated – approximately 25,000 Shell and Texaco branded dealers nationwide who purchased gasoline from January 1998 through October 2001 from either of two joint ventures, Equilon and Motiva, that Defendants formed. Plaintiffs contend that the formation of the two joint ventures violated Section 7 of the Clayton Act, and that Defendants' agreement to fix the price of Shell and Texaco gasoline sold by the joint ventures violated Section 1 of the Sherman Act under the Rule of Reason.

This is not, however, the first time that the Defendants' operation of the joint ventures has

---

[1] Because the Court finds that, in the interests of justice, decisions on the merits of this case should be made by the United States District Court for the Central District of California, the Court does not reach or resolve Defendants' simultaneously-filed motion to dismiss. (Docket No. 26.)

been challenged under the antitrust laws. The same counsel representing Plaintiffs in this action previously sought to represent a nearly identical nationwide class of Shell and Texaco branded dealers against the same Defendants in the *Dagher v. Saudi Refining, Inc.*, Case No. CV-99-06114 GHK, in the Central District of California.[2] In *Dagher*, the plaintiffs pursued a claim for *per se* illegal price fixing under Section 1 of the Sherman Act, but their counsel (the same counsel here) disavowed any reliance on a Rule of Reason claim for the same alleged misconduct.

After Judge King denied in part the defendants' motion to dismiss in *Dagher*, the parties engaged in considerable discovery. On cross-motions for summary judgment in 2002, Judge King granted summary judgment to the defendants, ruling that it was not *per se* illegal for a joint venture to set the selling price of its own gasoline. The Ninth Circuit reversed the ruling on *per se* illegality as to Shell and Texaco in 2004, but a unanimous Supreme Court reversed the Ninth Circuit in 2006 and upheld Judge King's grant of summary judgment.

Plaintiffs in this action, who were members of the putative class that counsel sought to certify in *Dagher*, now seek to assert the very Rule of Reason claim that was disavowed by the plaintiffs in the *Dagher* action.

## LEGAL STANDARD

Defendants' motion to transfer venue to the Central District of California is governed by 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under section 1404(a) unless the "convenience" or "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion turns on the facts of the

---

[2] Plaintiffs in this action, however, have expressly excluded the named plaintiffs in the *Dagher* litigation from the putative class here.

2

particular case. *See id.*

## ANALYSIS

There is no dispute that this action could have been brought in the Central District. The appropriateness of transfer, therefore, depends on the convenience of the parties and witnesses, and the interests of justice. "The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Wireless Consumers Alliance v. T-Mobile USA, Inc.*, 2003 WL 22387598 at *4 (N.D. Cal. Oct. 14, 2003).

**I.   Convenience Factors.**

   **A.   Convenience Of The Litigants.**

The Court finds that retaining this litigation in this district, rather than transferring it, would be mildly more convenient for the litigants.

As Plaintiffs point out, several of the named plaintiffs reside in the Northern District, and therefore would find it more convenient to litigate the case here. "A lead plaintiff has important responsibilities in managing class actions." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). The force of this argument is somewhat undercut by the fact that several of the named plaintiffs also reside in the Central District. Plaintiffs do not introduce any evidence that the named plaintiffs residing in the Northern District will play a larger role in the litigation than other named plaintiffs. Nonetheless, Plaintiffs' lead attorney also resides in this district, and one of the Defendants, Chevron, has its headquarters in the Northern District. Though the claim of any one plaintiff that a forum is appropriate merely because it is his home is considerably weakened when there are thousands of potential plaintiffs,[3] the Court nonetheless finds that the convenience of the parties mildly supports retaining the case in the Northern District.

   **B.   Convenience of Third-Party Witnesses.**

As to convenience of third-party witnesses, Plaintiffs concede that this factor is neutral. Most witnesses would have to travel out-of-town to get to the courthouse, regardless of whether or

---

[3] *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Hoefer v. U.S. Dep't of Commerce*, 2000 WL 890862 at *2 (N.D. Cal. June 28, 2000); *cf. Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947).

not this case is transferred. *See Wireless Consumers Alliance*, 2003 WL 22387598 at *4.

## II.     Interests Of Justice.

### A.      Judicial Efficiency.

The Court finds that concerns of judicial efficiency counsel strongly in favor of transfer. Judicial resources are conserved when an action is adjudicated by a court that has already "committed judicial resources to the contested issues and is familiar with the facts of the case." *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005). Here, in the event of a transfer, the action would almost certainly be reassigned to Judge King under related case procedures. Judge King presided over *Dagher* for more than three years, issued detailed written orders regarding the merits of that case, and is presumably more familiar than this Court with underlying factual contentions that are common to both actions. Judge King is in the best position to determine substantive issues raised in the present litigation, including the threshold question, raised by Defendants' pending motion to dismiss, of whether the pendency of *Dagher* tolled what would otherwise be a statute of limitations bar on the present lawsuit.[4] Judge King will also be better positions to address downstream issues, including res judicata issues and the substantive merits of the claims. This Court, in contrast, would have to invest significant time and resources to reach a similar level of familiarity. The interests of justice therefore strongly support transfer here. *See Hoefer*, 2000 WL 890862 at *3 (transfer warranted to district where earlier action had been litigated because keeping case "would entail a significant waste of time and energy and would involve duplicative effort by this court"); *Wireless Consumers Alliance*, 2003 WL 22387598 at *5-6 (transfer warranted to district where earlier action had been litigated, to "avoid the risk of conflicting rulings" and to "save judicial resources").

The Court finds unpersuasive Plaintiffs' efforts to minimize the factual overlap between the *per se* claims brought in *Dagher* and the Rule of Reason claims brought here. While the legal theories may differ – and may require Plaintiffs to prove elements not at issue in the *Dagher*

---

[4] For example, Judge King is in a better position that this Court to analyze, for purposes of the class action tolling doctrine, whether counsel's express disclaimer of any Rule of Reason claim in the *Dagher* case put putative class members, including the named plaintiffs in this litigation, on notice that they needed to take steps to preserve their Rule of Reason claim. Judge King is also in a better position to calculate the exact amount of tolling, if any, available to Plaintiffs, based on the full *Dagher* record, which is not before this Court.

4

litigation – the underlying facts concerning the joint ventures and Defendants' conduct are largely the same.[5]

### B. Forum Shopping.

The Court is persuaded, on this record, that there is a high likelihood that Plaintiffs' counsel are attempting to forum shop. The same counsel, seeking to represent a nearly identical class, filed a earlier lawsuit premised on the same allegedly unlawful activity in the Central District. After expressly disavowing the Rule of Reason claim, and then receiving unfavorable rulings from that Court, the same counsel now seek to assert a Rule of Reason claim in an action filed in this district. Plaintiffs filed the action in this district even though their tolling theory to overcome the statute of limitations bar depends on the pendency of the *Dagher* litigation. The Court can reasonably draw an inference from such conduct that Plaintiffs' counsel are engaged in forum-shopping. *See Alexander v. Franklin Res., Inc.*, 2007 WL 518859 at \*4 (N.D. Cal. Feb. 14, 2007). Although Plaintiffs have identified some connections that the Northern District has to the dispute, including the locations of defendant Chevron, of Plaintiffs' lead counsel, and of some of the alleged injuries, none of these connections were absent in the earlier *Dagher* litigation. Plaintiffs have not offered any satisfactory explanation for their decision to *change* their choice of forum when these factors have not changed.

Discouraging forum-shopping provides a strong reason to transfer this case to the Central District. *See Wireless Consumers Alliance*, 2003 WL 22387598 at \*6 ("evidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interests of justice] prong and would often make the transfer of venue proper"). "If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1116 (N.D. Cal. 2001). Accordingly, the Court finds that Plaintiffs' choice of forum is entitled to little or no deference here.

///
///
///

---

[5] The Court sees no reason to seriously entertain Plaintiffs' speculation that Judge King's memeory of the *Dagher* case has rapidly faded with the passage of time.

**CONCLUSION**

Despite the slight benefit that litigating this matter would have for the convenience of the litigants, the judicial efficiency and forum-shopping considerations discussed above are more than sufficient to tip the scale, decisively, in favor of transfer. "[T]he 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all the other factors point the other way." *London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.*, 1996 WL 479013 at *3 (N.D. Cal. Aug. 14, 1996). For the foregoing reasons, the Court **GRANTS** the motion and **ORDERS** the case transferred to the United States District Court for the Central District of California. The Clerk is **DIRECTED** to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: January 30, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE